## WELLMAKER v. WHEATLEY.

1. A paper recited that A had rented to B a farm for a given year, "with the refusal of buying it next fall for the sum of six dollars per acre," and provided that if B "does not take the place," any buildings which he is compelled to have shall be paid for by A at a reasonable price, if they "do not trade." *Held*, that the legal effect of the paper was to rent the farm to B and to give him the option of purchasing it at the time and price stated.

2. In a writing which carries on its face mutual promises, terms and conditions expressed on one side may be the consideration for terms and conditions expressed on the other ; and in such a case proof of a consideration different from that expressed in the writing might alter its terms and conditions ; and when it would have this effect, parol proof would be inadmissible to change or alter the consideration, or to show that it was not applicable to the promise to which, on the face of the contract, it appeared to apply.

3. In the absence of proper pleadings asking for a reformation of a written contract, parol evidence is inadmissible to show that the contract does not set forth the real undertaking entered into by the parties.

4. In a suit by the vendee to compel the specific performance of a contract for the sale of land, it is not necessary that the petition should allege that the vendee has tendered a deed for execution by the vendor, unless, under the terms of the contract, the preparation of the deed devolved upon the vendee.

5. A contract recited that A had rented B's place, which was not otherwise described, and provided that A should have an option to purchase the place at a stated amount. *Held*, that parol evidence could be admitted to identify the place referred to in the contract.

6. There was no error in overruling the demurrer to the petition, nor in refusing to grant a new trial.

Submitted April 13, — Decided June 14, 1905.

Action for specific performance. Before Judge Holden. Lincoln superior court. November 26, 1904.

*T. H. Remsen* and *John T. West,* for plaintiff in error, cited 88 *Ga.* 321; 104 *Ga.* 162; 111 *Ga.* 455; 115 *Ga.* 408; 116 *Ga.* 741; 6 L. R. A. 33; 11 Id. 805; 21 Id. 127, 132; 68 Ala. 124; 91 Ind. 151; 90 Mo. 184; 10 West. R. 564; 42 N. W. 962; 73 Ill. 453; 134 Mass. 555; 2 A. K. Marsh. 345; 125 Ill. 85; 1 A. & E. Enc. L. (1st ed.) 438.

*J. M. Pitner* and *F. H. Colley,* contra, cited 111 *Ga.* 455; 43 · *Ga.* 427 ; 52 *Ga.* 448 ; 65 *Ga.* 657; 101 *Ga.* 42 ; 118 *Ga.* 920 ; Civil Code, §§ 3675, 5201.

Cobb, J. Wheatley brought an action for the specific performance of an alleged contract for the purchase of land. The

petition alleged the making of the contract, a tender of the purchase-money, and the refusal of the defendant to accept the same and make the plaintiff a deed. The defendant demurred to the petition, on the grounds, that no cause of action is set forth; the contract is unilateral; the petition fails to allege that the contract was in writing; and there is no allegation that the plaintiff prepared and tendered a deed to the defendant. The petition was amended, and a writing of which the following is a copy was set forth as the contract relied on: "September 19th, 1902. This is to certify that C. W. Wheatley has rented Miss Lowe Wellmaker's place for one thousand pounds of lint cotton for the year 1903, with the refusal of buying it next fall for the sum of six dollars per acre. Said place is to be controlled and protected by said C. W. Wheatley just the same as if it belonged to him. The said C. W. Wheatley agrees to take care of the lands, clear what he can free of charge. If he does not take the place, what buildings he is compelled to have, if any, are to be paid for by Miss Lowe Wellmaker at a reasonable price, if we do not trade. [Signed] C. W. Wheatley, Lowe Wellmaker." The defendant renewed her demurrer, and, the same being overruled, excepted pendente lite. In her answer she admitted the execution of the paper, but denied that it constituted an enforceable contract, averring that it was unilateral and without consideration. A verdict was returned in favor of the plaintiff; and the defendant's motion for a new trial being overruled, she excepted.

1. The proper construction of the paper relied on by the plaintiff as a contract is that the defendant rented the land to the plaintiff for the year 1903, and gave him an option to purchase. It has been held that an agreement by a lessor to give a lessee, at the end of the term, the "refusal" of the premises for another definite term, was merely an expression of preference for the lessee over others, and did not bind the lessor to renew the lease. Arkansas Pass Land Co. *v.* Hanaford, 4 Tex. Civ. App. 286. A similar construction of the word was given in a case where one person promised to give another "the refusal [of land] when he sold." Deere *v.* Nelson, 73 Iowa, 188. On the other hand, it has been expressly held that an agreement in a lease to give the lessee "the refusal" for another term bound the lessor to rent to the lessee for that term, upon the same terms and conditions as

for the first term.   Steen *v.* Schell, 46 Neb. 252; McAdoo *v.* Callum, 86 N. C. 419; Tracy *v.* Albany Ex. Co. (N. Y.), 57 Am. Dec. 538.   "The refusal of buying [the land] next fall for the sum of six dollars per acre," and the agreement that the defendant is to pay for certain buildings, "if [the plaintiff] does not take the place," shows the intention of the parties to have been that the plaintiff was to have the option of buying at a fixed price and at a specified time.   The expression "if we do not trade" evidently means the same thing as "if he does not take the place."   The payment by the defendant for certain buildings is made to depend both upon the plaintiff's taking the place and upon the parties trading.   These expressions were intended to convey the same idea, and to mean the same thing as "if the plaintiff does not exercise the option."

2. As a general rule, the consideration of a contract is open to inquiry as between the original parties, and even the consideration of a deed may be inquired into when the principles of justice require it.   *Finney* v. *Cadwallader*, 55 *Ga.* 78; Civil Code, § 3599.   But this rule is applicable only where the statement as to the consideration in the contract is merely by way of recital.   The consideration may be so referred to in the contract as to make it one of its terms and conditions.   When this is true, parol evidence is not admissible to vary the term, although the term relates to the consideration.   The rule is thus stated in 6 American and English Enc. Law (p. 775):   "When, however, the statement of the consideration leaves the field of mere recital and enters that of contract, thereby creating and attesting rights, as shown by the intention of the parties to be gathered from the instrument, it is no longer open to contradiction by extrinsic evidence."   See also Browne, Parol Ev. § 31, p. 44. In a written contract which carries on its face mutual promises, terms and conditions expressed on one side may be the consideration for terms and conditions expressed on the other.   In such a case proof of a consideration different from that expressed in the written instrument might alter its terms and conditions, and if it would, it is inadmissible.   *Burke* v. *Napier*, 106 *Ga.* 329.   The contract under consideration in the present case contains on its face mutual promises.   There was a promise on the part of Wheatley to pay one thousand pounds of cotton, and

there was a promise on the part of Miss Wellmaker to give to Wheatley the use of the farm for a year, and the right to purchase it at a given sum per acre in the event he saw fit to do so during the fall of that year. It was on its face really a contract, for a stated consideration, to sell two things,—one year's use of the farm, and the right to buy the same upon given conditions. The subject-matter of the sale was double. It is proposed now to show by parol that the contract was not for the sale of two things but for only one, that is, that the consideration stated in the contract applied only to one of the subject-matters of the contract. A writing which on its face shows a contract to sell two things is certainly altered in its terms by parol evidence that there was a contract to sell only one thing. There was no error in excluding the parol evidence to show that the consideration as stated in the contract was applicable only to the agreement to rent.

3. There was no plea alleging that that portion of the contract in reference to the option was inserted as a result of fraud, accident, or mistake, and no prayer for a reformation of the contract; and therefore the evidence offered to show that the writing did not constitute the real undertaking of the parties was properly excluded.

4. When a vendor brings an action to compel the specific performance of a contract to buy land, it is incumbent upon him to show an offer of performance on his part by the tender of sufficient title deeds, or by offering to execute such a deed when its preparation does not, by the terms of the agreement, devolve upon the vendee. But in an application for specific performance by the vendee, it is not necessary to show that he presented a deed for execution, unless under the terms of the agreement the preparation of the deed devolved upon him. See *Emery* v. *Atlanta Exchange*, 88 *Ga.* 327.

5. Parol evidence is admissible to identify land which is the subject-matter of a contract and which is described in the contract merely in general terms, provided the general description is such as, in the light of parol evidence, to clearly identify the property. *Johnson* v. *McKay*, 119 *Ga.* 196. The contract in the present case referred to the land as " Miss Lowe Wellmaker's place." If this had been the only description of the land, parol

evidence would have been admissible to identify the land to which this description applied; but taking the contract as a whole the description is even more definite than this; for it in effect describes the land as Miss Lowe Wellmaker's place which she rented to C. W. Wheatley, and by parol evidence it can be definitely determined what is the place which is the subject-matter of the contract.

6. Applying the principles above laid down, there was no error in overruling the demurrer to the petition, nor in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*