## 21589. MIDDLEBROOKS *v.* DUNLAP-HUCKABEE AUTO CO.

DECIDED JANUARY 12, 1932.

*C. W. Foy,* for plaintiff in error.
*Jones, Jones, Johnston & Russell, M. C. Atkinson,* contra.

LUKE, J. Dunlap-Huckabee Auto Company filed an attachment which was levied on an automobile as the property of the defendant, C. E. Middlebrooks. The declaration in attachment alleged, that the defendant gave the plaintiff a check for $238.30 for an amount due under and by virtue of a contract which is attached to the petition; that said check was first turned down on account of insufficient funds and payment thereon was subsequently stopped by defendant; and that the purchase-money attachment was obtained to enforce collection of the said sum.

The defendant, in the second paragraph of his answer, "admits the execution of the contract . . and also admits the giving of the check, . . also that the plaintiff is the owner and holder of said contract and check, thereby admitting a prima facie case for the plaintiff," but denies indebtedness, and in subsequent para-

graphs of his answer alleges in substance that he and the plaintiff made another trade, and that the contract expressing a sale is incorrect, and that he signed the contract and gave the check for what the plaintiff claimed was a repair job on the defendant's old car.

On motion of the plaintiff the court struck paragraphs 3 to 7, inclusive, of the answer and directed a verdict for the plaintiff; and on this ruling the defendant assigns error in his bill of exceptions.

The declaration in attachment sets out a contract of sale; and the second paragraph of the answer "admits the execution of the contract," and the latter part of the answer alleges "that the contract expressing a sale is incorrect. It really was a payment on what plaintiff claimed was a repair job." The conflict in the allegations of the answer is obvious. Furthermore, if the court had not stricken the latter paragraphs of the answer, the defendant could not have proved them by competent testimony, because parol evidence is not admissible to vary the terms of a written contract. While in some instances one may show by parol evidence that the real consideration of a contract is different from the one actually recited in the instrument, for the purpose of proving that the true consideration has failed, it is never allowable, under the guise of inquiring into the consideration, to vary or contradict by parol the substance and meaning of the written terms of the contract itself. *Brewer* v. *Grogan,* 116 *Ga.* 60 (42 S. E. 525); *Byrd* v. *Marietta Fertilizer Co.,* 127 *Ga.* 30 (56 S. E. 86); Civil Code (1910), §§ 4268, 5788.

The answer shows on its face that the defendant was attempting to set up a verbal agreement contrary to the terms of a written contract admittedly executed by the defendant and owned and held by plaintiff; and the court properly struck certain paragraphs of the answer and directed a verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*