30133. WADE *v.* BALLARD.

DECIDED JULY 15, 1943.

670

*R. L. Maynard,* for plaintiff in error.

*R. L. LeSueur, Fort & Fort,* contra.

FELTON, J. Where the consideration of a contract is stated merely by way of recital it may ordinarily be inquired into, but if it is contractual in nature and set forth as part of the terms and conditions of the agreement the statement of the consideration may not be contradicted under the guise of an inquiry into the consideration. We cite a few of the cases enunciating this principle:

*Wellmaker* v. *Wheatley*, 123 *Ga*. 201 (2) (51 S. E. 436); *Burke* v. *Napier*. 106 *Ga*. 327, 329 (32 S. E. 134); *Brousseau* v. *Jacobs Pharmacy Co.*, 147 *Ga*. 185, 189 (93 S. E. 293); 100 A. L. R. 18n; Code, § 38-501, Code Ann. § 38-501, catchword "Consideration." So the question in this case resolves itself into the question whether the statement that the property was purchased from the plaintiff is a mere recital or whether it is a material term and condition of the contract. If it is a mere recital, the judge erred in striking the illegality; if not, he was correct. The test as to whether the statement of consideration is a mere recital or a contractual term is whether the statement of the consideration can be entirely omitted from the contract and leave the contract as intended by the parties as to nature and obligations. *Burke* v. *Napier*, supra. When property is sold by a conditional sale contract the effect of the sale is that the ownership is transferred from the seller to the purchaser and a title for the purpose of securing whatever balance of the purchase money is due is retained by the seller and the vendee can maintain a trover suit to recover the wrongful possession of the property. *White* v. *Dotson*, 41 *Ga. App*. 436 (153 S. E. 233); *Ellis Motor Co.* v. *Hancock*, 38 *Ga. App*. 788 (145 S. E. 518); *Painter* v. *McGaha*, 6 *Ga. App*. 54 (64 S. E. 129). In such a transaction it is necessary to state in the contract that a sale of the property is made in order to accomplish the objects intended by the parties to be accomplished by the contract. Without the statement that the purchaser is buying property from the seller or words of similar import it would be impossible to convey the idea of a sale, the transfer of the title to property and the retaining of a qualified title to secure debt. A transfer of the ownership subject to the retaining of a qualified title is effected by the contract. In such a case the statement of the consideration is contractual and not a mere recital. "The parol evidence rule forbids any attempt to prove that the promises stated in a writing do not accurately represent the agreement of the parties; and words, not merely reciting that a transfer or discharge had been made as consideration as an existing fact, but purporting to make a present transfer or present discharge, have also been held contractual in their nature and within the rule." 1 Williston on Contracts, Rev. Ed., 398, 399, § 115 B; 10 R. C. L. 1044; 4 Wigmore on Evidence 2433; Restatement of the Law of Contracts, §§ 82, 243, 244. Since

the statement of the consideration is not here a mere recital but is a contractual and material term in the contract by which an actual present transfer is effected the statement can not be contradicted by parol. The court said in *Wellmaker* v. *Wheatley,* supra: "A writing which on its face shows a contract to sell two things is certainly altered in its terms by parol evidence that there was a contract to sell only one thing." Surely, if that statement is true, it is also true that a writing which on its face shows a contract to sell one thing is certainly altered in its terms by parol evidence that there was not a contract to sell one thing. If taking one from two is a contradiction, taking one from one is a still greater contradiction. Nor can we see any difference in principle between the instant case and those cases holding that parol evidence is not admissible to prove that a contractual consideration was different from the one stated in order to prove that the different consideration failed. As we interpret the ruling in *Middlebrooks* v. *Dunlap-Huckabee Auto Co.,* 44 *Ga. App.* 543, 544 (162 S. E. 153), it is direct authority for the ruling herein made, that the court was correct in striking the plea. In *Dendy* v. *Gamble,* 59 *Ga.* 434, Judge Bleckley said: "When a man's real contract is not to pay, what sense or reason is there in signing a written contract that he will pay? To allow such a defense as this to be effective would be to overthrow the most trustworthy monuments of the engagements of men to men. What security would the most solemn writings any longer afford?" The same irresistible logic applies to this case. When a man has not purchased property, what sense is there in his solemnly stating in a complete written contract as an *express* consideration therefor that he has purchased it and agrees to pay for it? Certainly to permit a denial of such a statement is as subversive to the parol evidence rule as denying an unconditional obligation to pay. The law has sought to avoid this very thing by the rule referred to, namely, that a material term of a contract may not be contradicted under the guise of inquiring into the consideration, the policy of the law being that one who signs such a contract must be bound, even if what he seeks to plead as a defense is true, in order that unscrupulous men may not "run over and crush" solemn written contracts by contradictions which are not true. The question whether the defense is true can not be inquired into. It simply can not be asserted, even if it is true. This case is of course

to be distinguished from those involving promissory notes in which the statement of consideration is not necessary to the validity and purposes of the notes. Complete contracts are on a different footing. *Reeves Tractor & Implement Co.* v. *Barrow,* 30 *Ga. App.* 420 (118 S. E. 456); *Frick Company Inc.* v. *Lawson,* 50 *Ga. App.* 511 (2) (179 S. E. 274), and cit.; *Armistead* v. *Weaver,* 140 *Ga.* 740 (79 S. E. 783); *Holt & Duggan Co.* v. *Clary,* 146 *Ga.* 46 (90 S. E. 381); *Roberts* v. *Investors Savings Co.,* 154 *Ga.* 45 (113 S. E. 398).

The court did not err in sustaining the demurrer to the affidavit of illegality and in ordering the fi. fa. to proceed.

*Judgment affirmed. Stephens, P. J., concurs. Sutton, J., concurs specially.*