35559. HORNE v. HARRIS MOTOR COMPANY, INC.

DECIDED APRIL 18, 1955.

846

*Harry Dicus*, for plaintiff in error.

*J. M. Hatcher, Max R. McGlanry, Theo J. McGee,* contra.

NICHOLS, J. The defendant alleges in his plea and answer that he drew his salary of $400 per month and 10% of sales purported to have been made, and also in his plea and answer alleges that, in addition to his salary, he was to receive 8% of the *net profits* of the corporation. He further alleges that the notes were given for money he had received from the plaintiff as against any commissions which might be due to him. He shows that, in addition to his salary, he had in fact received 10% of the amount of sales, whereas under his contract he was to receive only his salary and 8% of the net profits. Since it does not appear that any profits were made, in so far as the plea and answer disclose, the employer was not indebted to him in any amount whatever, but had overpaid the defendant to the extent of the sums which had been advanced to him. An antecedent debt is a valuable consideration for a note. Code § 14-302. While it is nevertheless asserted in the amended answer the plaintiff fraudulently induced the defendant to execute the notes by representing that they were "required for bookkeeping purposes only, and that it was necessary to have some written memorandum or other written evidence that said amount" had been paid to him, the plaintiff in error does not argue or insist upon the charge that the notes were fraudulently obtained from him, and it must be treated as abandoned. With the charge

of fraud eliminated, the only remaining question is whether or not the defendant might by parol evidence dispute the promises of the notes, which are absolute and unconditional, and show that it was contemporaneously agreed that the notes were simply to be held by the employer pending a final accounting. This cannot be done in the absence of an allegation of fraud, accident, or mistake. *Dendy* v. *Gamble & Copeland*, 59 *Ga.* 434; *Byrd & Co.* v. *Marietta Fertilizer Co.*, 127 *Ga.* 30 (56 S. E. 86); *Brack* v. *A. P. Brantley Co.*, 134 *Ga.* 495 (67 S. E. 1128); *Pulliam* v. *Merchants' & Miners' State Bank*, 33 *Ga. App.* 68 (125 S. E. 509); *Middlebrooks* v. *Dunlap-Huckabee Auto Co.*, 44 *Ga. App.* 543 (162 S. E. 153). The trial court did not err in sustaining the general demurrer to the plea and answer as amended.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*