## 39220. KIRKENDOHL v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

DECIDED NOVEMBER 21, 1961.

*Harris, Chance, McCracken & Harrison, Henry T. Chance,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, William C. Reed,* contra.

JORDAN, Judge. ▉ Under the decisions of this court in the cases of *Service Fire Ins. Co. v. Powell,* 70 Ga. App. 213 (27 SE2d 896); *Clark v. American Cas. Co.,* 96 Ga. App. 328 (99 SE2d 897); and *Coleman v. State Farm &c. Ins. Co.,* 104 Ga. App. 328 (3) (121 SE2d 833), the plaintiff's petition clearly stated a cause of action against the defendant for breach of the provisions of the loan receipt. As stated by the court in headnote 3 of the *Coleman* case, supra, "An insured can not be permitted, after accepting money under a loan receipt, to breach the terms of the loan receipt by settling the claim with the tortfeasor, thus destroying the insurer's right of subrogation. . ." The loan receipt in the *Coleman* case, supra, was identical with that in the instant case.

Under the allegations of the plaintiff's petition, the defendant, by settling with and releasing the tortfeasor, Roger C. Miller, deprived himself and the plaintiff insurer of the right to enter and prosecute suit against Miller on account of the loss, which right was pledged as security for repayment of the loan, under the terms of the loan receipt. The trial court therefore did not err in overruling the defendant's general demurrer.

The contention of the defendant that the first two cases cited above are erroneous and should be reviewed and overruled is without merit.

▉ "A material term of a contract may not be contradicted under the guise of inquiring into the consideration." *Wade v. Ballard,* 69 Ga. App. 669, 672 (26 SE2d 542). In the alleged release agreement executed between the defendant and his wife

and the tortfeasor and his wife, the defendant released and discharged the tortfeasor and his wife from all "actions, causes of action, suits, debts, accounts, judgments, claims and demands whatsoever in law or equity (including loss of services of any other person to which I/we might be entitled) as a result of or growing out of any and all injuries both to persons and/or damages to property resulting or to result or which might result" from the accident in question. In paragraph 6 of the answer the defendant, under the guise of an inquiry into the consideration, attempted to vary the terms of this contract to show that the amount paid as recited in said release was paid only as a compromise settlement for personal injuries that the defendant's wife received, and this he manifestly cannot do. It has been said that whether such a defense is true or not cannot be inquired into. It simply cannot be asserted, even if it is true. *Wellmaker v. Wheatley*, 123 Ga. 201 (2) (51 SE 436); *Wade v. Ballard*, 69 Ga. App. 669, 670, 672, supra. See also *James v. Tarpley*, 209 Ga. 421 (73 SE2d 188); and *Bennett v. Dove*, 93 Ga. App. 57 (90 SE2d 601). The trial court did not err in sustaining the plaintiff's demurrer to paragraph 6 of the defendant's answer and striking the same.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*