48978, 48979. VULCAN MATERIALS COMPANY v. DOUGLAS; and vice versa.

STOLZ, Judge.

Plaintiff Douglas filed a three count complaint against defendant Vulcan Materials Co., seeking unpaid commissions in the first two counts, and damages for breach of his employment contract in the third count. The defendant, via certificate for immediate review, appeals from the judgment denying its motion for summary judgment as to Count 3, and the plaintiff cross appeals from the judgment granting the defendant's motion for summary judgment as to Counts 1 and 2. *Held:*

1. The trial court erred in denying the defendant's motion for summary judgment as to Count 3. The defendant sufficiently pierced the pleadings by its showing that the alleged 1963 parol "lifetime" employment contract between the parties upon which the plaintiff relied, even if certain and definite enough to be enforceable, had been superseded by the inconsistent, valid, complete, unambiguous, written 1965 and 1967 employment contracts covering the same subject-matter and providing for termination of employment by written notice. See Code §§ 38-501, 20-704. The terms of the

written contracts cannot be varied by the parol agreement in the absence of an allegation of fraud, accident, or mistake (*Horne v. Harris Motor Co.,* 91 Ga. App. 844, 847 (87 SE2d 350) and cits.), which were not alleged, with particularity or otherwise. See Code Ann. § 81A-109 (b) (Ga. L. 1966, pp. 609, 620). Since the written contracts state the consideration, not by a mere recital of something paid or to be paid, but set forth mutual obligations which constitute the terms of the contracts, parol evidence is not admissible to show that their true consideration was the "lifetime employment" promise of the alleged prior oral agreement. *Brosseau v. Jacobs Pharmacy Co.,* 147 Ga. 185, 189 (93 SE 293) and cits.; *S. & S. Builders v. Equitable &c. Corp.,* 219 Ga. 557, 563 (134 SE2d 777) and cits.

2. The trial judge did not err in granting the defendant's motion for summary judgment as to Counts 1 and 2. With respect to Count 1, the purchase order of Fox Lumber Co., although accepted by the defendant prior to the date of the termination of the plaintiff's employment, was unenforceable, hence did not entitle the plaintiff to a commission thereon, because the obligation to purchase was contingent upon the performance of other acts that were within the sole discretion of said buyer (i.e., the possible passing of its trucks in the Wichita, Kansas area, and the shipping of the order only at the buyer's convenience) and the actual purchase was not made until after the plaintiff's termination. See *F & C Investment Co. v. Jones,* 210 Ga. 635 (81 SE2d 828).

With respect to Count 2, a lease of equipment by the defendant to Southeastern Wood Preserving Co., Inc., which obligated said lessee to purchase a minimum amount of goods per year, did not alone constitute a purchase order per se; hence, orders accepted pursuant thereto but after the plaintiff's termination, did not entitle the plaintiff to commissions.

*Judgment in the main appeal reversed; judgment in the cross appeal affirmed. Hall, P. J., and Deen, J., concur.*

ARGUED JANUARY 17, 1974 — DECIDED FEBRUARY 19, 1974.

*Alston, Miller & Gaines, William C. Humphreys, Jr.,* for appellant.

*Brackett, Arnall & Stephens, H. A. Stephens, Jr.,* for appellee.