## 34724. SUMNER v. ADEL BANKING COMPANY.
## 34725. SUMNER v. FORD MOTOR CREDIT COMPANY.

UNDERCOFLER, Presiding Justice.

Sumner conducted farming operations in Cook County on farmland leased for that purpose. He defaulted on four notes for loans secured by crops and farm equipment made by Adel Banking Company and upon three retail sales contracts for the purchase of farming equipment executed by Roberson Tractor Company and assigned to Ford Motor Credit Company. Upon default, appellees foreclosed security agreements executed by Sumner and sought writs of immediate possession of their collateral under Code Ann. §§ 67-709 through 67-718 (Ga. L. 1975, pp. 1213, 1215). Among his enumerations of error, appellant complains these Code sections providing for a writ of possession in a commercial transaction[1]

---

[1]These statutes specifically prohibit the issuance of

where it is in the power of the defendant to conceal, waste, encumber, convert, convey or remove the property from the court's jurisdiction, violate due process and equal protection. He argues the statute provides an opportunity for filing post-seizure defenses and a hearing before a judge, but it does not provide a hearing prior to seizure. He also claims the contracts signed with both appellees are usurious. We affirm.

1. We conclude Ga. L. 1975, pp. 1213, 1215 (Code Ann. §§ 67-709 through 67-717) is constitutional, and a hearing prior to seizure is not required where there is full compliance with the statute. ". . . [T]he initial hardship to the debtor is limited, the seller has a strong interest, the process proceeds under judicial supervision and management, and the prevailing party is protected against all loss." Mitchell v. W. T. Grant Co., 416 U. S. 600, 618-619 (94 SC 1895, 40 LE2d 406) (1974). See Johnson v. American Credit Co., 581 F2d 526 (1978). There was no error in refusing to quash the levy or dismiss the complaint in either case.

2. (a) Appellant contends the loans by Adel Banking Company in Case No. 34724 were usurious at the outset, because they exceeded the highest interest rate that could have been charged under any provision of the law. However, he concedes appellee was entitled to charge interest on the instruments in question at rates not exceeding the limits set by the laws of the state (Code Ann. § 41A-1313) and that under Code Ann. § 57-101, on a loan to make crops, a rate of nine percent could be charged as it was on the four loans here. A review of these notes shows they are not usurious even though we conclude there was a mistake in computation of the interest on loan exhibits "A" and "B".[2] A mistake in calculation or by

the writ of immediate possession to protect an interest arising out of a consumer transaction. Code Ann. § 67-709.

[2]Exhibit "A," a loan for $10,000, was issued on January 4, 1977, and became due on September 4, 1977 — a period of eight months. Interest charged was $675. It should have been $600. Exhibit "B, a loan for $20,170.77

inadvertence, not shown to to be part of a usurious design or otherwise intentional, does not make a loan usurious. *Bellerby v. Goodwyn,* 112 Ga. 306, 308 (37 SE 376) (1900); *Loganville Banking Co. v. Forrester,* 143 Ga. 302 (84 SE 961) (1915); *Rushing v. Willingham,* 105 Ga. 166 (31 SE 154) (1898). Accord, Stedham v. Swift & Co., 79 F2d 648 (5th Cir., 1935). It is directed that the errors in the computation of interest be corrected.

(b) Appellant also contends the contracts entered into for the purchase of farm equipment from Roberson Tractor Company contained usurious charges under Code Ann. §§ 96-903, 57-101 and 57-116. He reaches this conclusion by applying the allowable interest rates authorized by these Code sections to show that in each instance the finance charges exceeded the allowable interest. He concedes in his brief it is lawful and not usurious to charge one price for property for cash and a higher price for the same property sold on credit, however, he distinguishes those contracts from the contracts, sub-judice, on the basis of the "disclosure made in the face of the contracts." He argues these contracts are for the sale of property at a cash valuation and usurious, alleging certain payments are deferred in consideration that a greater rate of interest than that allowed by law is to be paid by the purchaser, citing *Bird v. Benton & Bros.,* 127 Ga. 371 (56 SE 450) (1906) and *Jackson v. Commercial Credit Corp.,* 90 Ga. App. 352 (83 SE2d 76) (1954). Those cases are inapposite. Further, in *Bird,* supra, the defendant offered evidence concerning details of the transaction resulting in the execution of the contract. Here, appellant offered no evidence to support his claim of usury. After a careful review of these contracts and of the case law on the subject, we conclude these contracts contemplated a credit sale rather than a cash sale, and the

---

was issued January 13, 1977, and was due on September 13, 1977, also a period of eight months. Interest charged was $1,225.93. It should have been $1,210.24, an overage of $15.69. The interest on both of these notes was erroneously based upon *nine* months. Interest was properly charged on Exhibits "C" and "D."

question of usury is not involved. *E. Tris Napier Co. v. Trawick,* 164 Ga. 781, 782 (139 SE 552) (1927); *Richardson v. C.I.T. Corp.,* 60 Ga. App. 780, 789 (5 SE2d 250) (1939).

3. We also conclude that there is no merit to appellant's contention that the notes involved here in Case No. 34724 were consumer transactions.[3] The evidence before the court in both cases, corroborated by Sumner's testimony before a jury upon cross examination by Adel Banking Company's attorney, is conclusive that the loans from the bank and the farm equipment purchased from Roberson Tractor Company were obtained to conduct appellant's farming operations. This use is for the "conduct of a business" as defined in Code Ann. § 67-718 (a).

4. It was also not error for the trial court to refuse to direct a verdict at the close of plaintiff's evidence in Case No. 34724 as to Counts 1 and 2 of the complaint. In Count 1, the bank alleged the existence of the notes, the security interests, the default in payment and the balances owed. This count was amply supported by the evidence presented to the jury. Count 2 alleged the need for the writ of immediate possession. The information in this count served as the basis for the trial court's issuance of the writ under Code Ann. §§ 67-709—67-711. Following levy and storage of the equipment, appellant answered, presented defenses in law and equity and demanded a jury trial under Code Ann. § 67-715. These issues were reserved for jury trial. However, appellant also contends that at this time, the farm equipment should have been returned to him. We do not agree. Appellant could have regained possession of the property at that time had he complied with § 67-716, i.e., pay into court the full amount of petitioner's claim including costs or furnish a proper bond. He chose not to do either and the court properly permitted the appellee bank to retain custody of its

[3]Code Ann. § 67-718 (b) defines a consumer transaction as a "sale, lease or rental of goods, services or property, real or personal, primarily for personal, family or household purposes."

collateral until judgment. Mitchell v. W. T. Grant, supra, at p. 608.

5. There also is no merit to appellant's contention that the court erred in granting summary judgment to appellee, Ford Motor Credit Company. "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment . . . shall be entered against him." Code Ann. § 81A-156 (e) (Ga. L. 1966, pp. 609, 660, as amended). The record shows appellant filed no counter-affidavit or other evidence opposing appellant's motion or to support any issue raised in the defensive pleadings, cross claim or counterclaim. There was no error.

6. We have carefully reviewed other contentions made by appellant in these cases and find no error.

*Judgment affirmed with direction in Case No. 34724. Judgment affirmed in Case No. 34725. All the Justices concur.*

34724, Submitted March 23, 1979; 34725, Argued April 9, 1979 — Decided September 5, 1979.

*Elsie H. Griner, J. Laddie Boatright,* for appellant.

*Griffis & Thomas, Tom W. Thomas, Arthur K. Bolton, Attorney General,* for appellee (Case No. 34724).

*English & Rountree, M. Dale English, John W. Rountree, Jr., Arthur K. Bolton, Attorney General,* for appellee (Case No. 34725).