### 70697. PHILLIPS et al. v. ALLIS-CHALMERS CREDIT CORPORATION.
(339 SE2d 302)

BIRDSONG, Presiding Judge.
Retail Installment Contract — Summary Judgment. The Supreme Court by order of October 29, 1985 remanded the case of *Phillips v. Allis-Chalmers Credit Corp.*, docketed as Case No. 42774, but without opinion, vacated this court's opinion in the case of the same style, eo nomine, Case No. 70697, decided September 5, 1985, based upon an apparent mathematical error in computation of the amount owed under the contract in issue. The case has been remanded to this court for further consideration in light of this mathematical error.

Upon further consideration, we find that the Phillipses, father and son, purchased several items of farm machinery from an Allis-Chalmers dealer. The purchase price was $50,000. The contract terms were typed into a typical farm equipment contract. That form contained blank spaces for numerous alternatives including a cash sale, a deferred credit sale, monthly installments of equal value, or other time payments of equal, unequal or balloon payments. In this particu-

lar contract, there was a showing of a $10,000 down payment, a $40,000 unpaid balance, a finance charge of $11,392.80, and a total remaining payment figure of $51,392.80 with time payments due on each succeeding December 1 of $10,000 for the first annual installment and $13,797.60 for the next three annual installments, totaling $51,392.80. Immediately below that figure was a deferred payment price of $61,392.80, obviously a credit sale based upon the total cost of the equipment plus the finance charges. The interest on the unpaid balance was reflected to be 18 percent. Thus it is apparent that the form contract as executed provided for alternative forms of payment, i.e., cash or deferred credit payments. One manner of payment apparently showed a cash payment of $50,000 consisting of $10,000 down plus a second cash payment of $40,000. The second manner of payment reflected a down payment of $10,000, a deferred installment payment of $40,000 principal plus $11,392.80 finance charges for a total payment of $61,392.80.

The Phillipses obviously elected to assume the deferred credit sale. They made the first two payments of $10,000 and $13,797.60 but declined to make further payments. By failing to make the cash payment of $50,000, the Phillipses assumed the obligation to pay the only other figure provided in the contract which was the $61,392.80 deferred payment price. After default and through the advice of an attorney, the Phillipses advised the creditor (Allis-Chalmers Credit Corp., the assignee of Allis-Chalmers) that the purchase was a cash sale but the contract called for usurious interest, declared the entire interest to be forfeited, admitted an indebtedness of $16,202.40 (the difference of the entire principal less the two earlier payments) and offered to pay that difference. Allis-Chalmers Credit Corp. refused the limited payment and upon refusal of the Phillipses to pay the deferred credit price in full, repossessed the equipment with the view of a potential deficiency judgment should a deficiency result upon sale. The Phillipses brought this suit seeking to set aside the repossession and a declaration that the contract bore usurious interest. Upon Allis-Chalmers Credit Corporation's motion for summary judgment preceded by the Phillipses' similar motion for partial summary judgment declaring the interest to be usurious, the trial court granted summary judgment to Allis-Chalmers Credit and denied the Phillipses' motion for partial summary judgment. We note in passing that after the filing of this suit by the Phillipses, the elder Mr. Phillips has died and his widow has been substituted as his successor in interest. The Phillipses, mother and son, seek this appeal contesting the propriety of the denial of their partial summary judgment and the grant of summary judgment to their creditor. *Held*:

The trial court was furnished trial documents from two earlier cases involving a dispute over whether a retail contract was an exten-

sion of credit (i.e., a credit sale) or was simply a deferred cash sale (i.e., a cash sale). An examination of the contracts in each of those cases (cited hereinafter) reflects an identical credit contract as used in this case. Those cases also reflect a cash price plus deferred payments as a credit sale quoting a different deferred payment price. As is admitted by the appellee Allis-Chalmers Credit Corp., the sole issue is whether this contract is a time price contract or a cash sale contract. If the contract is a time price contract, the usury laws do not apply and the grant of summary judgment to the creditor was proper; but if it is a cash sales contract, then grant of summary judgment to the creditor was improper, the contract was indeed usurious and partial summary judgment should have been granted to the Phillipses.

We have examined the contract in this case against the similar contracts appearing in *Sumner v. Adel Banking Co.*, 244 Ga. 73, 75 (2) (b) (259 SE2d 32) and in *Rigdon v. Walker Sales & Svc.*, 161 Ga. App. 459, 461 (2) (c) (288 SE2d 711). In the face of arguments identical to the one advanced by the Phillipses dealing with substantially similar contracts, it was held that despite logical arguments to the contrary, usury statutes are inapplicable to a retail installment contract which in addition to a finance charge shows a deferred payment price payable in annual installments. The Supreme Court stated in the *Sumner* case, supra, pp. 75-76: "After a careful review of these contracts and of the case law on the subject, we conclude these contracts contemplated a credit sale rather than a cash sale, and the question of usury is not involved." The Phillipses voluntarily accepted the credit contract by paying the established amounts of the scheduled installments and thus subjected themselves to the stated and agreed deferred payment price of $61,392.80, and the usury laws became non-applicable. It follows the two cited cases are dispositive of the issue presented in this case and establish that the trial court did not err in granting summary judgment to appellee creditor.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 27, 1985 —
REHEARING DENIED DECEMBER 19, 1985 —

*Ben Kirbo*, for appellants.
*B. Thomas Conger*, for appellee.