Everhart *et al. v.* Puckett.

## No. 7659.

### EVERHART ET AL. *v.* PUCKETT.

PROMISSORY NOTE.—*Consideration.*—*Written and Parol Evidence.*—The consideration of a note may always be shown, either by written or parol evidence, and the fact that a part of the evidence has been reduced to writing, will not exclude the oral part thereof.

SAME.—*Agreement not to Defend Divorce Suit Void.*—*Public Policy.*—An agreement, that a defendant in a divorce suit will not make any defence, is void as against public policy, and a note executed upon such a consideration can not be enforced against the maker.

SAME.—*Blending of Void and Valid Consideration.*—Where the illegal and · void part of the consideration of a note is so indefinite and uncertain that it can not be separated from the legal part, the whole note is rendered void.

From the Sullivan Circuit Court.

*G. W. Buff* and *J. B. Patten*, for appellants.
*J. C. Briggs* and *W. A. Massie*, for appellee.

FRANKLIN, C.—Puckett sued Everhart & Everhart, on a promissory note, before a justice of the peace; judgment was rendered for the plaintiff; appeal to the circuit court; trial by the court, and judgment for the plaintiff for the amount of the note and interest; motion for a new trial, by defendants, overruled and excepted to.

In this court appellants have assigned, as error, the overruling of the motion for a new trial. The motion for a new trial was for the following causes:

"1st. That the decision of the court is not sustained by sufficient evidence;

"2d. That the decision of the court is contrary to law; and,

"3d. That the court erred in admitting in evidence, over the defendants' objection, the evidence of Lewis Puckett, the plaintiff, and of one O. P. Willey, which evidence consisted of statements by them made to the court during the trial, that the dismissal of the suit for one hundred and ninety-five dollars, pending against the defendant Alexander Everhart, before Milton Stark, as justice of the peace, and the

receipting of a judgment against said Alexander for sixteen dollars, was the only consideration for which the note sued on in this cause was given, when said consideration was fully set forth in a written contract, executed by the plaintiff and defendant Alexander Everhart, at the same time said note was executed, which said written contract had been duly introduced, and read in evidence, before said witnesses testified in said cause.''

In order to understand the 3d cause set out for a new trial, it is necessary to set forth the written agreement referred to, which reads as follows :

"This agreement, made between Lewis Puckett and Alexander Everhart, shows that Alexander Everhart agrees to give to said Lewis Puckett his note for one hundred dollars, with surety, due the 1st day of May, 1878, upon the following conditions, said note to be placed in the hands of Greenberry Shepherd, to hold in trust for the parties.

"The said Everhart is to commence suit at the next term of the Sullivan Circuit Court, for a divorce, against his wife, Alice Everhart, and prosecute said suit as fast as the law will permit ; and said Puckett agrees that said Alice shall not appear and make any defence in said suit ; and the said Puckett agrees to dismiss a suit pending before Milton Stark, a justice of the peace of Jackson township, in said county and State, against said Everhart, in favor of Stephen Wilson ; and the said Everhart agrees to confess judgment for costs in said suit ; and the said Puckett agrees to receipt a judgment for sixteen dollars, on the docket of said Stark, in favor of said Stephen Wilson, and against said Everhart ; and the said Puckett agrees that said Alice shall not bother said Everhart any more ; and the said Everhart is not to commence any suit against said Stephen Wilson ; and the said Puckett shall not demand said note of said Shepherd until said Everhart violates this contract ; and said note is to be paid two days after said divorce is granted ; and it is agreed

that said Puckett shall not be entitled to said note until this agreement is violated by said Everhart; and, if any charge is made that said Puckett has violated this agreement, said Puckett is to have notice of said charge, and shall have a reasonable time to meet said charge.

"Witness our hands and seals, this 15th day of February, 1878.                                LEWIS PUCKETT,
                                             ALEXANDER EVERHART."

Counsel for appellants insist in their brief that this agreement unalterably fixes the consideration of the note, and that parol evidence could not be given upon that subject, and therefore the evidence of Puckett and Willey was illegally admitted. The consideration of a note is at all times subject to proof, either by written or parol testimony, or by both. And, if a part of the testimony has been reduced to writing, that is no reason for excluding the oral testimony. We see no error in the admission of the testimony of Puckett and Willey.

In this agreement, as is shown by the testimony, Puckett acted as trustee for Alice, the wife of defendant Alexander Everhart, the principal in the note.

The suit having originated before a justice of the peace, the defendants could make all defences without answer filed. And, under their first and second causes for a new trial, they insist that the consideration, in part if not in whole, of the note sued upon, was illegal and contrary to public policy.

We think the clause in the agreement, "that said Alice shall not appear and make any defence in said suit," constituted some part of the consideration of the note, and that that part is so indefinite and uncertain as to be incapable of being separated from the remainder of the consideration. In 2 Bishop on Marriage and Divorce, 5th edition, sec. 239, we have the following language: "That an agreement made by a defendant in a divorce suit, to withdraw his or her papers, and make no defence, is void, as being against public

policy; therefore a promissory note executed in pursuance of such an agreement, and in consideration thereof, is a contract which can not be enforced against the maker." And reference is made to the case of *Sayles* v. *Sayles*, 1 Fost., N. H. 312. The same doctrine is held by this court in the case of *Muckenburg* v. *Holler*, 29 Ind. 139; and the following authorities are therein referred to: *Stoutenburg* v. *Lybrand*, 13 Ohio St. 228; *Goodwin* v. *Goodwin*, 4 Day, 343; *Weeks* v. *Hill*, 38 N. H. 199.

When the illegal and void part of the consideration of a note is so indefinite and uncertain that it can not be separated from the legal and valid part, then the whole note becomes invalid and void. *Hynds* v. *Hays*, 25 Ind. 31.

For these reasons we think the court below erred in overruling the motion for a new trial on the first and second causes stated.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and is hereby, in all things reversed, at the appellees' costs, and that the same be remanded to the court below, with instructions to grant a new trial.