BIRCH, executor, *v.* ANTHONY *et al.*

A contract between husband and wife made with the intention of promoting a dissolution of the marriage relation existing between them is contrary to public policy, illegal and void, and will not, after the husband's death, bar the widow's right to a year's support and dower.

Argued November 6, — Decided November 30, 1899.

Petition for injunction.   Before Judge Felton.   Bibb county. August 1, 1899.

*Dessau, Harris & Birch* and *W. H. Harris,* for plaintiff.
*Harris, Thomas & Glawson,* for defendants.

FISH, J.   W. B. Birch, as executor of the will of E. R. Anthony, brought his equitable petition against Mrs. Belle Anthony, the widow of his testator, and others, in which he sought, by injunction, to prevent Mrs. Anthony from obtaining a year's support and dower from the estate of her deceased husband, upon the ground that she had entered into the following contract with her husband:

"Having positively determined to leave my husband, E. R. Anthony, and deny him all marital rights whatever, I hereby in consideration of four hundred dollars ($400) this day paid me by him I relinquish all claims of any kind whatever I have on him as wife.

Witness my hand and seal this day of          1894.
     Legal                                       L. S.
Providing this is a divorce granted said Anthony by 1st of April, 1895.                        Mrs. F. B. Anthony.
                                                David Milne.
                                                Isabella  Milne."  ·

It appeared from the evidence that David Milne and Isabella Milne signed the instrument as witnesses.

The trial judge refused to grant the injunction, and the executor excepted.   While there were several points made in the case, we think it necessary to deal with only one of them, and that is, whether the contract above set forth barred the widow's rights to a year's support and dower.   It was contended by counsel for plaintiff in error, that the four hundred dollars

mentioned in the contract was paid, upon the separation between Anthony and his wife, as permanent alimony, and that she was therefore not entitled to a year's support or to dower, as under our law, in a case of voluntary separation, the husband may voluntarily by deed make an adequate provision for the support and maintenance of his wife, and thus bar her right to permanent alimony and any further interest in his estate, in her right as wife. This contention might possibly be sound but for a part of the contract, which, in our opinion, renders the whole of it illegal and void.

Whatever else may have been contemplated by the parties to this contract, it manifestly appears that it was their intention to promote a dissolution of the marriage relation existing between them. By reference to the contract it will be seen that it was apparently complete and ready to be signed when the condition was added providing, in effect, that it should be legal if a divorce should be granted to the husband on or before a fixed date. This provision renders the whole contract illegal, as it is well settled that a contract intended to promote a dissolution of marriage is contrary to the policy of the law, illegal and void. 2 Am. & Eng. Enc. L. (2d ed.) 127; 9 Id. (1st ed.) 920; 1 Bish. Mar. & Div. §76; 2 Id. §696; Adams *v.* Adams, 25 Minn. 72; Weeks *v.* Hill, 38 N. H. 199; Everhart *v.* Puckett, 73 Ind. 409; Sayles *v.* Sayles, 21 N. H. 312; Goodwin *v.* Goodwin, 4 Day (Mass.), 343; Cross *v.* Cross, 58 N. H. 373; Muckenburg *v.* Holler, 29 Ind. 139; Hamilton *v.* Hamilton, 89 Ill. 349; Phillips *v.* Thorpe, 10 Oreg. 494. In Sayles *v.* Sayles, supra, Wood, J., said : "The object of the agreement was to bring about a dissolution of the marriage contract, and to put an end to the various duties and relations resulting from it. Any contract having any such purpose, object, and tendency, can not be, in law, sustained, but must be regarded as being against sound public policy, and consequently illegal and void. The marriage relation is one to be encouraged and maintained, when formed. Such is the well-settled policy of the law, and its dissolution or determination is not to be left to depend upon the caprice of the parties. If determined, it must be done in accordance with some positive enactment of

law, and in due course of judicial proceedings." We can not see that it matters at whose instance the proviso was added to the contract between Anthony and his wife, or that it was, as claimed by the plaintiff in error, impossible for the divorce to have been obtained within the time specified therein, as the illegality of the proviso entered into and permeated the whole contract and rendered it void. It follows, therefore, that such an illegal and void contract could be no bar to Mrs. Anthony's right to a year's support, or her right to dower, out of the estate of her deceased husband; and that there was no error in refusing to grant the injunction.

*Judgment affirmed. All the Justices concurring.*