## POWERS v. POWERS.

GILBERT, J. 1. "A contract between husband and wife, made with the intention of promoting a dissolution of the marriage relation, is contrary to public policy and void." *Sumner* v. *Sumner,* 121 *Ga.* 1 (3) (48 S. E. 727); *Birch* v. *Anthony,* 109 *Ga.* 349 (34 S. E. 561, 77 Am. St. R. 379); *Watson* v. *Burnley,* 150 *Ga.* 460, 463 (104 S. E. 220), and authorities cited. Compare *Melton* v. *Hubbard,* 135 *Ga.* 128 (68 S. E. 1101).

2. Under the undisputed facts in the case the court did not err in holding the contract void because it was made with the intention of promoting a dissolution of the marriage relation existing between the parties. Moreover, the wife was entitled to temporary alimony for the purpose of enabling her to contest the disputed issue between the parties as to the validity of the contract. *Waycaster* v. *Waycaster,* 150 *Ga.* 75 (102 S. E. 353); *Lee* v. *Lee,* 154 *Ga.* 820 (115 S. E. 493). The judgment awarding temporary alimony was not erroneous.

*Judgment affirmed. All the Justices concur.*

No. 4211. APRIL 30, 1924.

Divorce and alimony. Before Judge Mathews. Bibb superior court. January 15, 1924.

On September 20, 1923, F. H. Powers Jr. filed against Annie Marion Powers a petition for divorce. The defendant filed a cross-action, alleging that the plaintiff had been guilty of detailed acts of cruel and inhuman treatment toward defendant, none of which had been condoned, and praying that the relief sought by plaintiff be denied, and that she be awarded a total divorce and alimony both temporary and permanent. The plaintiff amended his petition by setting up that on August 27, 1923, he and the defendant, in contemplation of their separation, made a contract providing that plaintiff should pay to defendant, in settlement of her claims for temporary and permanent alimony, twenty dollars a week, and should sell the house in which they resided and pay over to defendant one half of the amount realized; and that he had paid the

weekly installments and half of the amount realized from the sale of the home, and is ready and able to continue to comply with the terms of the contract. The husband and wife separated on August 30, 1923; and it is agreed that there has been no breach of the contract by the husband. The court awarded to the defendant, as temporary alimony for the support of herself and minor child, the sum of thirty dollars a week from the date of the separation between the parties, August 30, 1923, provided that the payments of twenty dollars a week previously made should be credited upon the alimony allowed, and required plaintiff to pay to defendant's counsel $300 as fees. Error was assigned upon this judgment.

The contract referred to above, and introduced on the hearing, follows: "This agreement made this the twenty-seventh day of August, 1923, by and between F. H. Powers as party of the first part, and Marie Way Powers, his wife, as party of the second part, witnesseth: Divers disputes and unhappy differences having arisen between the said parties and both parties being irreconcilably estranged, and there being no probability of a reconciliation between the parties, both parties hereby consent and agree to live separate and apart from each other during their natural lives. Therefore this indenture witnesseth that the said party of the first part, in consideration of the premises and in pursuance thereof, does hereby covenant, promise, and agree with said party of the second part, his wife, that it shall and may be lawful for her, at all time hereafter, to live separate and apart from him, and that he shall and will allow her to reside and be in such place or places, and in such family or families, and with such relatives, friends, or other persons, and to follow or carry on any lawful occupation as she may desire, and that he will not molest or disturb her or any other person for receiving, entertaining, or harboring her. And party of the first part agrees to pay and will pay party of the second part, for her support and maintenance and the support of her child, Way Powers, the sum of twenty ($20.00) dollars each week, which amount the said party of the second part hereby agrees to take in full satisfaction for her support and the support of both parties' child, the said Way Powers; and party of the second part hereby agrees to and enters into this agreement and accepts the amount of twenty dollars a week for her and the said Way Powers' support in lieu of any and all alimony or any other obliga-

tions whatsoever.   Both parties agree that this settlement in lieu of alimony shall continue so long as party of the second part remains unmarried, and both parties agree that neither will defend any suit for divorce that either of the said parties may prosecute, and that either of the said parties may enter a suit for divorce at any time that they may so desire.   It is distinctly agreed that party of first part shall see said Way Powers whenever he wants to, and that her time shall be equally divided between the said parties; and that party of the second part will allow the said Way Powers to visit her father at least once a week; and that wherever the said Way Powers shall be, party of the second part will send or cause her to be sent to visit her father at his request; and party of the first part agrees to pay any and all expense incident to the said Way Powers making or visiting her father, F. H. Powers. Party of the first part also agrees to name the said Way Powers as beneficiary in and to all the insurance that is in force at this date in which the said party of the first part is insured.   Party of the first part further agrees to keep the payments up on a certain dwelling-house which both parties now occupy, and which is better known as number seven hundred and forty Napier avenue, and party of the first part agrees to sell the said described property at any time that party of the second part may so demand; and that whatever price the said property may bring, both parties are to share equally in the proceeds thereof. 'Party of the first part further agrees to and does give and release to party of the second part a certain four-poster bed, the springs thereto, mattress and covering, and any china that she may desire or want.   Party of the second part agrees to keep party of the first part advised of her whereabouts at least twice a month, and will make a full report as to the welfare and condition of their daughter, the said Way Powers, at any and all times that party of the first part may request.   Party of the first part agrees to make the payments of twenty ($20.00) dollars a week at such times and in such manner as party of the second part may desire.   Now therefore, in lieu of any and all alimony, the amount and consideration as above set out, party of the second part hereby agrees to all the conditions and stipulations as hereinabove set forth, and agrees that the said consideration as above set out is in full satisfaction of any and all alimony; and that she, the said party of the second part, will not

institute or prosecute any suit for alimony against her said husband, the party of the first part. In witness whereof both parties hereunto have affixed their names and seals, this the day and date above written."

The bill of exceptions recites that one duplicate of the contract was introduced by the plaintiff and the other by the defendant, and the brief of plaintiff in error explains that one duplicate copy was signed by the husband and the other by the wife. The defendant admitted that plaintiff had made the payments of twenty dollars a week required by the contract, but insisted that the contract was made with the intention of promoting a dissolution of the marriage relation, and was contrary to public policy and void. The plaintiff contended that the rights of the wife to temporary and permanent alimony were concluded by the contract, and that she was estopped from a recovery on account of alimony and attorney's fees.

*John P. Ross,* for plaintiff.   *Miller & Garrett,* for defendant.