## LAW *v.* LAW.

No. 12174. MAY 11, 1938.

*B. B. Earle,* for plaintiff.    *Forrester & Vann,* for defendant.

RUSSELL, Chief Justice. J. H. Law sued Emma Law for a total divorce on the ground of cruel treatment. In his petition he alleged: "Petitioner avers that he and the defendant have entered into a contract on the date of October 28, 1924, whereby he and the said defendant settled all claims for alimony that then existed, or which might accrue in the future on account of their previous marriage. . . Petitioner avers that on account of said contract, under the terms of which he paid the defendant $4000 in settlement of her claims for alimony both temporary and permanent, that all monetary claims between the parties hereto have been settled. A copy of the contract herein above referred to is attached to and made a part of this petition." By demurrer and answer the defendant attacked this contract as invalid and illegal, because contrary to public policy, and as having been annuled by voluntary subsequent cohabitation by the parties as husband and wife. It appears from the petition that after the execution of the contract the parties lived together as man and wife on several occasions, in one instance for more than six years. The defendant in her answer prayed for temporary and permanent alimony and counsel fees. On a hearing the judge of the superior court rendered the following judgment: "Hearing of the above case coming on to be heard pursuant to order, and after considering same, the plaintiff's petition and defendant's answer and demurrer to plaintiff's petition, it is held that the defendant has no right to recover alimony, because the contract pleaded is as a matter of law effective as a bar to her recovery for temporary or permanent alimony, but that attorney's fees will be provided." The defendant excepted to this judgment, "upon the ground that the same was contrary to law, and the effect of said order having held said contract to be valid and a bar to plaintiff's [defendant's] recovery of any alimony, said order being controlling in effect, illegally terminated plaintiff-in-error's claim for alimony." The contract referred to and attached to the petition is as follows:

"Georgia, Thomas County. Whereas J. H. Law and the undersigned, Mrs. Emma Law, are husband and wife, and whereas the said J. H. Law and Mrs. Emma Law are now living in a state of separation, and whereas the said J. H. Law has this day paid the said Mrs. Emma Law the sum of $4000 in full and complete settlement of any and all claims which she may now have or may

hereafter have against him the said J. H. Law for alimony, either temporary or permanent, or support: Now therefore, in consideration of said sum of four thousand dollars, the receipt of which is hereby acknowledged by the said Mrs. Emma Law, the said Mrs. Emma Law does hereby waive, renounce, release, and relieve the said J. H. Law of any and all claims which she may now have or may hereafter have against him, the said J. H. Law, for alimony either temporary or permanent, and said sum is received and accepted by her, the said Mrs. Emma Law, in full and complete settlement of any and all claim or claims in the nature of alimony which she may now or hereafter have against him, the said J. H. Law; it being understood that should the said J. H. Law and Mrs. Emma Law become reconciled and again cohabit as husband and wife and thereafter again separate, that this waiver and release shall operate against any claim for alimony which the said Mrs. Emma Law might claim or have by reason of any subsequent cohabitation on the part of the said J. H. Law and Mrs. Emma Law as husband and wife, it not only being the intention of this waiver and release to waive any and all present claims which she may now have against him the said J. H. Law for alimony, but all future or subsequent claims which may arise. In witness whereof the said Mrs. Emma Law has hereunto set her hand and affixed her seal, this 28 day of October, 1924." Signed by Mrs. Emma Law, and attested.

"Georgia, Thomas County. It is further mutually agreed by the parties hereto that either may at any time bring his or her action for divorce, and the same will not be contested; provided the proceeding is based upon some other lawful ground than that which will involve the character or chastity of either party of this agreement." Signed by Mrs. Emma Law and J. H. Law, and attested.

It is contended by counsel for the defendant in error that the above writings constitute two contracts; that the "first contract," signed by the wife, is a valid and binding agreement, by which the husband is relieved of obligation to support his wife, and that the "second contract," which counsel concedes to be void, does not vitiate the "first contract." We do not think this writing can be so construed, but that it constitutes one entire contract, and that one consideration thereof was that either party "may at any time

bring his or her action for divorce, and the same will not be contested." A contract containing a similar provision to that just quoted was held void by this court in *Powers* v. *Powers,* 158 *Ga.* 251 (123 S. E. 220), the agreement in that case providing that "both parties agree that neither will defend any suit for divorce that either of the said parties may prosecute, and that either of the said parties may enter a suit for divorce at any time that they may so desire." Under the principle ruled by this court in *Birch* v. *Anthony,* 109 *Ga.* 349 (34 S. E. 561, 77 Am. St. R. 379), *Sumner* v. *Sumner,* 121 *Ga.* 1 (3) (48 S. E. 727), *Watson* v. *Burnley,* 150 *Ga.* 460, 463 (104 S. E. 220), and *Powers* v. *Powers,* supra, the contract pleaded by the husband in the instant case constituted no bar to the right of the wife to alimony, and the judge erred in holding to the contrary. Whether the amount paid to the wife under the purported contract could be considered by the court in determining the sum to be awarded the wife as alimony is not now for decision. *Judgment reversed. All the Justices concur.*