### 27239. FUNDERBURK v. FUNDERBURK.

HAWES, Justice. Mrs. Funderburk sued her husband for divorce upon the grounds of cruel treatment under the provisions of *Code Ann.* § 30-102 (10). In her complaint she alleged that the parties had theretofore entered into an agreement relative to the custody and support of their minor children, the distribution of their property, and the settlement of all claims of either party against the other. She alleged that the agreement was evidenced by a stipulation made in open court before the Judge of the Crisp Superior Court and recorded and transcribed by the official court reporter of said court in a previously pending civil action, which transcription she attached as an exhibit to her complaint. The defendant husband filed defensive pleadings in which he denied the plaintiff's alleged grounds of divorce and cross complained against the plaintiff praying that he be granted a divorce. Among the defenses which he filed was the following: "The agreement of the parties of February 8, 1971, had as its object, and a part of its consideration supported, the promotion of a dissolution of the marriage relation existing between the parties, and was designed to facilitate the granting of a divorce to such end; therefore, the agreement is void as being contrary to public policy." The plaintiff moved for a judgment on the pleadings as to all issues except divorce, which motion was denied,

and plaintiff appeals pursuant to a certificate of immediate review duly signed by the judge. *Held:*

The record shows that the agreement in this case was entered into between the parties after they had lived separate and apart for at least a period of several months. Under prior decisions of this court, such an agreement is valid and is binding upon the parties where it is shown to have been entered into in compromise of a pending cause. Such an agreement need not be in writing. *Fulford v. Fulford,* 225 Ga. 9, 17 (165 SE2d 848). "However, if one of the objects of the agreement, or a part of its consideration, is the promotion of a dissolution of the marriage relation existing between the parties, or to facilitate the grant of a divorce between them, such agreement is contrary to public policy. *Birch v. Anthony,* 109 Ga. 349 (34 SE 561, 77 ASR 379); *Sumner v. Sumner,* 121 Ga. 1 (3) (48 SE 727). Where such agreement is attacked on the ground that it was entered into in violation of public policy, a court, when called upon to approve such a contract, will closely examine the terms of the contract and the circumstances under which it was entered into before permitting the agreement to be made the judgment of the court. Though a contract may be apparently valid on its face, where it is attacked as being contrary to public policy and thereby void, the court . . . will hear all the facts and circumstances under which the contract was entered into. *Code* § 38-503; *Dwelle v. Blackwood,* 106 Ga. 486 (1) (32 SE 593); *Manget Realty Co. v. Carolina Realty Co.,* 169 Ga. 495 (2a) (150 SE 828)." *Beverly v. Beverly,* 209 Ga. 468, 470 (74 SE2d 89). Even though the agreement exhibited with the complaint may have been on its face valid, in view of the fourth defense filed by the defendant and quoted above, the trial court did not err in denying the plaintiff's motion for a judgment on the pleadings and in reserving decision on the matter until evidence in support of the defendant's allegations or in refutation thereof could be introduced.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1972—DECIDED SEPTEMBER 12, 1972.

*Reinhardt, Whitley & Sims, Glenn Whitley*, for appellant.
*Guy V. Roberts*, for appellee.