## 30198. WARREN v. WARREN.

NICHOLS, Chief Justice.

Prior to the filing of a divorce action, an agreement between the parties settling all matters of alimony, child support, child custody and division of property was entered into between the parties. After the divorce action was filed, the trial court made the agreement the judgment of the court for the purpose of awarding temporary alimony, pending final disposition of the case. James Warren, Jr., in response to the complaint for divorce, as one of his defenses, contended that the agreement signed prior to the institution of the divorce action was null and void. After hearing the trial court

vacated the prior award of temporary alimony, declared the agreement to be null and void as against public policy citing *Funderburk v. Funderburk,* 229 Ga. 457 (192 SE2d 262), where it was held that if one of the objects of the agreement or a part of its consideration, is the promotion of a dissolution of the marriage relation existing between the parties, or to facilitate the grant of a divorce between them, such agreement is contrary to public policy.

The court then ordered temporary alimony pending final disposition of the case. The appeal is from this judgment and the sole enumeration of error contends that the trial court erred in declaring the settlement agreement of the parties null and void for the reason that there was no sufficient competent evidence to support or warrant such finding.

While there is a fine line of distinction between a contract *incident* to divorce and a contract which has as one of its objectives the promotion of a dissolution of the marriage relation existing or to *facilitate* a divorce, yet, where as in the present case, the wife testified that in exchange for an uncontested divorce the husband agreed to pay a stipulated amount of alimony, it cannot be said that there was not evidence before the trial court to support the judgment declaring the contract null and void as being one entered into where one of its objects is the promotion of a dissolution of the marriage relation existing between the parties. Compare *Beverly v. Beverly,* 209 Ga. 468, 470 (74 SE2d 89).

*Judgment affirmed. All the Justices concur, except Gunter, Hall and Hill, JJ., who dissent.*

Argued September 3, 1975 — Decided September 23, 1975.

*Keil, Riley & Davis, William H. Norton,* for appellant.

*Luis C. Garcia,* for appellee.

Hill, Justice, dissenting.

In 1973, the General Assembly amended Code § 30-102 so as to add as ground for divorce that "The marriage is irretrievably broken." Ga. L. 1973, p. 557. In

*Friedman v. Friedman,* 233 Ga. 254, 256 (210 SE2d 754), this court recognized that the public policy of this state was changed by the adoption of that statute. In *Friedman,* the court stated that *Reynolds v. Reynolds,* 217 Ga. 234 (123 SE2d 115), will no longer be followed. In *Reynolds,* 217 Ga. p. 248, it was stated that the policy of the state since the adoption of the Constitution of 1798 has been to hinder facility in the procurement of divorces.

In my view, this court's decision in *Friedman,* supra, can only mean that it is no longer state policy to hinder facility in the procurement of divorces. Therefore, in my view the public policy enunciated in *Funderburk v. Funderburk* and *Beverly v. Beverly,* relied upon by the majority, should no longer be followed and an agreement facilitating the grant of a divorce should no longer be declared void as against public policy.

I therefore respectfully dissent.

I am authorized to state that Justice Gunter and Justice Hall join in this dissent.