### 31740. WAGNER v. WAGNER.

JORDAN, Justice.

Dorothy Moore Wagner appeals from the denial of her motions for new trial and to set aside a divorce decree which incorporated the agreement of the parties as to property settlement, alimony, and child custody and support.

The husband, Arnold Paul Wagner, filed the original complaint for divorce, charging cruel treatment and adultery. The wife filed a counterclaim, charging cruel treatment, and seeking a divorce and other relief.

The motion for new trial was based on the usual general grounds and the contentions that: the signing of the agreement by the wife was coerced; the agreement was contrary to public policy and void because it had as its object the dissolution of marriage; and the provisions of the agreement were inadequate for the support of herself and the minor child whose custody was given to her. The motion to set aside was based on the contentions that the agreement was void, and that the wife was coerced into entering into it.

1. The wife asserts that the grant of the divorce was without pleadings or evidence to support it.

The basis for the contention that she did not seek a divorce is that in a supplemental pleading by her, in response to the husband's amended complaint, she prayed for other relief but did not pray for a divorce.

The wife did not strike her original demand for divorce and her pleadings, therefore, had a demand for divorce. Furthermore, the Civil Practice Act nullified the former rule that relief could not be granted in the absence of a prayer for such relief. Code Ann. § 81A-115 (b) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694).

The wife urges that she gave the only testimony on which the divorce was granted, and that she testified that she did not want a divorce. There is no transcript of the evidence on which the divorce was granted, and we must assume that the evidence supported the grant of a divorce.

2. The evidence at the hearing on the motions for new trial and to set aside the divorce decree shows that at the time the agreement was made the parties were in court on the wife's motions to hold the husband in contempt of court and to modify the temporary order. According to the testimony of the wife, after she had testified a few minutes, the trial judge suggested that the parties should get together and try to get some sort of settlement made; the attorneys representing both parties then got together and drew up an agreement; her attorney (not the one representing her on this appeal) told her that the best thing she could do was to sign the agreement, and if she did not sign it, he would not represent her in a trial; she asked him if she could have a week to think about it, and he said that she would have to sign it right then; she told her attorney that the money was not sufficient, and he told her that they could revise it later.

There was no evidence that the husband or his attorney participated in any way in the asserted coercion by the wife's attorney, or that they had any knowledge of it.

The wife cannot "avail herself of the misconduct of her own counsel" to set aside the judgment entered on the agreement. *Ketchem v. Ketchem,* 191 Ga. 140, 142 (11 SE2d 788) (1940); *Elliott v. Elliott,* 184 Ga. 417 (191 SE

465) (1937).

3. The wife asserts that the agreement entered into between the parties is against public policy and void.

Under the former divorce laws of this state this court held that if one of the objects or a part of the consideration of an agreement between husband and wife was the promotion of a dissolution of the marriage, the agreement was contrary to public policy and void. It is the view of some of the members of the court that under the present law it is no longer the policy of the state to hinder facility in the procurement of divorces. See *Warren v. Warren,* 235 Ga. 234 (219 SE2d 161) (1975).

The agreement in the present case by its terms and under the evidence at the hearing had as its object the settlement of pending litigation in which both parties had sought a divorce, and there is no merit in the contention that it is contrary to public policy and void.

4. The wife asserts that the alimony and child support provisions were inadequate. The agreement she entered into settled these issues.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

ARGUED JANUARY 10, 1977 — DECIDED FEBRUARY 23, 1977.

*Harris & Martin, Robert B. Harris, Nancy Pat Phillips,* for appellant.

