37467. SANDERS v. COLWELL.

HILL, Presiding Justice.

Bobby Colwell and Ruby Strickland Colwell, now Sanders, were married in 1955 and divorced in 1974. When the decree was entered, a settlement agreement between the parties was made the order of the court. Although it purported to settle all issues between them, no mention was made of their home. When the husband sold the house in 1980, the purchaser placed one-half of the husband's equity in escrow

---

because of a lis pendens notice put on record by the wife in 1978. The husband brought this quiet title action to have the lis pendens declared a cloud on his title so that he could collect the $4,500 held in escrow. The wife counterclaimed seeking to establish her interest in the escrow fund, to set the divorce decree aside, and to recover damages for fraud and attorney fees. Her motion for partial summary judgment was denied.

At trial, the husband admitted that just prior to their divorce, he and his wife had met at his attorney's office, where she was unrepresented. He testified that she agreed to sign the settlement agreement they had prepared for her and not to contest the divorce or seek any rights in their home if he promised to pay her half of the equity upon its sale. Thereafter, she received by mail a copy of the agreement that did not mention the house but which had been made the temporary order of the court. The mailing included, however, a cover letter from the husband's attorney stating: "The purpose of this letter is to confirm our conversation in my office wherein you and your husband agreed that in the event that the house located at 5929 Bush Avenue, Columbus, Georgia, was sold and that in that event the equity would be split between you and your husband on a 50-50 basis. We are enclosing a copy of the temporary order and agreement which we have attempted to send you on several occasions which has been returned marked address unknown." On the basis of the agreement reflected in this letter, the lis pendens was filed which the husband seeks to remove by this quiet title action.

During the trial and while the wife was testifying, the court asked her: "As I understand it . . . the reason you did not contest the divorce was because he agreed to . . . [split the equity in the house upon its sale]?" when she answered "[t]hat's right," the court directed a verdict against her on the ground that contracts facilitating a divorce are void. Although the wife's counsel sought an opportunity for her to explain her testimony, the trial court was of the view that her admission could not be withdrawn. The wife appeals the verdict directed against her and the overruling of her motion for partial summary judgment.[1]

1. The wife argues that she did not agree to consent to the divorce in exchange for the agreement as to the equity in the home but that she agreed not to seek the home for herself as alimony.

---

[1] The judgment entered on the directed verdict is an appealable order, Code § 6-701(a)(1), and no certificate under Code § 6-701(a)(2) was necessary as to the overruling of the motion for partial summary judgment. See Code § 6-701(b). See also Division (2), below, fn. 2.

In *Warren v. Warren,* 235 Ga. 234 (219 SE2d 161) (1975), in a 4-3 decision, the majority noted that there is a "fine line" of distinction between a contract *incident* to divorce and a contract to *facilitate* a divorce. Contracts to facilitate a divorce have been held to be void while contracts incident to divorce have been held to be valid. *Warren v. Warren,* supra; *Wagner v. Wagner,* 238 Ga. 404 (3) (233 SE2d 379) (1977). If the agreement in this case was, as the trial court found, a contract to facilitate the divorce and hence invalid, then the wife's counterclaim to set the divorce aside should have been granted rather than letting the husband obtain the benefit of that agreement.

However, we decline to require that this "fine line" continue to be drawn and declare that agreements in contemplation of divorce settling issues of alimony, property division, child custody, child support and visitation are not invalid. In so holding, we overrule *Warren v. Warren,* supra, and its predecessors. The trial court, therefore, erred in directing a verdict in favor of the husband.

2. The second enumeration of error raises the question whether the wife was entitled to summary judgment on the husband's quiet title action because the husband failed to meet her motion and affidavit with an opposing affidavit.[2]

Code Ann. § 81A-156 (e) provides in part: "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate,* shall be entered against him." (Emphasis supplied.) While it is true that summary judgment may be granted for failure to file an affidavit creating a genuine issue of material fact, e.g., *Sumner v. Adel Banking Co.,* 244 Ga. 73 (5) (259 SE2d 32) (1979), the emphasized language makes clear that the movant must have met all of the requirements entitling him or her to summary judgment. "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

---

[2] Normally, the overruling of a motion for summary judgment is not reviewable on appeal following verdict and judgment. *Talmadge v. Talmadge,* 241 Ga. 609 (1) (247 SE2d 61) (1978). Here, however, the verdict was directed before the trial was completed. Because decision on the merits is relatively easy to resolve and the appellate procedure problem much more complex, we proceed to the merits, pretermitting the procedural issue.

as to any material fact *and that the moving party is entitled to a judgment as a matter of law. . . ."* Code Ann. § 81A-156 (c). (Emphasis supplied.)

The wife seeks the money held in escrow on the basis of the agreement to split the equity in their home which was not, in fact, made part of the final divorce decree. Thus the final divorce decree presently stands as a bar to the wife's recovery. She alleges that this judgment was procured by fraud. In the present state of the record, these allegations appear to be essential to her entitlement to the money and create issues making summary judgment inappropriate. Therefore, the trial court did not err in refusing to grant her motion.

3. Since we have reversed the directed verdict and determined that there are issues which remain, the case must be remanded for further proceedings.

*Judgment reversed and remanded. All the Justices concur, except Gregory, J., who concurs specially and Jordan, C. J., who dissents.*

DECIDED OCTOBER 27, 1981.

*Smith, Smith & Collins, L. Joel Collins,* for appellant.
*Elkins & Flournoy, James A. Elkins, Jr.,* for appellee.

GREGORY, Justice, concurring specially.

As to division one of the majority opinion, I concur in the judgment only. The trial court erred in refusing to permit the wife to explain her testimony. Had she been permitted to do so, it may have appeared that the agreement was on the valid side of the "fine line" drawn in *Warren v. Warren,* 235 Ga. 234 (219 SE2d 161) (1975). *Warren* was grounded upon the public policy that the State has an interest in preserving the marriages of its citizens. I do not agree with the majority view expressed in *Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754) (1974), that this public policy has been changed by the addition of the irretrievably broken ground to our divorce statute. Code Ann. § 30-102 (13) (Ga. L. 1973, p. 557).