### 39250. BROWNING v. BROWNING.

WELTNER, Justice.

The parties were divorced pursuant to a final judgment and decree which incorporated a separation agreement providing in part as follows: "It is further agreed between the parties in the event a suit for divorce is filed for either of the parties hereto, that this Agreement shall be made a judgment of the Court." Upon the former wife's application for contempt, the former husband filed a motion to vacate and set aside the decree on the ground that it was void as against public policy in that it was a contract to facilitate a divorce. The trial court agreed, and entered an order declaring the decree void as contrary to public policy. We granted discretionary appeal from that order.

In *Sanders v. Colwell,* 248 Ga. 376 (1) (283 SE2d 461) (1981), this Court abolished the nettlesome distinction which the case law had created between contracts *incident* to a divorce and contracts to *facilitate* a divorce, overruling *Warren v. Warren,* 235 Ga. 234 (219 SE2d 161) (1975), and its predecessors.

This case is controlled by *Sanders v. Colwell,* supra, and the trial court was without authority to declare the original decree and the separation agreement to be void as against public policy.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 4, 1983.

*Smith, Patrick & Wardlaw, Karen Wardlaw,* for appellant.
*Albert B. Wallace,* for appellee.