## 74847. BLUE RIDGE INSURANCE COMPANY v. MADDOX.
(363 SE2d 595)

BENHAM, Judge.

Appellant issued a policy of fire insurance to appellee, and the house insured under the policy burned on May 5, 1985. Appellee brought suit against appellant under the policy on September 6, 1985, but dismissed that suit without prejudice on May 22, 1986. Another suit, purporting to be a renewal of the first, was brought in another county on July 21, 1986. Both parties subsequently moved for summary judgment. This appeal is from the denial of appellant's motion and the grant of appellee's.

1. Appellant's first, second, fourth, and fifth enumerations turn on the trial court's holding that appellee's second suit, brought outside the contractual period of limitation established in the policy, was validly renewed by filing it within six months of the dismissal of the first suit. We are obliged to agree with the trial court that the issue is controlled by *Birmingham Fire Ins. Co. v. Commercial Transp.*, 224 Ga. 203 (1) (160 SE2d 898) (1968). There, as here, a suit was filed within the 12-month limitation period contained in the policy, dismissed by the plaintiff, then brought again within six months of the dismissal, but outside the contractual period of limitation. Appellant's reliance on *Melson v. Phenix Ins. Co.*, 97 Ga. 722 (25 SE 189) (1895), is misplaced since that case is inconsistent with the more recent decision in *Birmingham Fire Ins. Co.*, supra, and the most recent decision of the Supreme Court on an issue is controlling. *Charles Rossignol, Inc. v. Prophecy Corp.*, 177 Ga. App. 245, 247 (339 SE2d 288) (1985). Our decision in *Porter v. Allstate Ins. Co.*, 172 Ga. App. 657 (324 SE2d 515) (1984), being inconsistent with *Birmingham Fire Ins. Co.*, supra, and having been decided later than it, must be overruled. See *Charles Rossignol, Inc.*, supra.

The trial court did not err in holding that the suit was timely.

2. Appellant's remaining enumeration of error is directed to the portion of the trial court's order awarding damages to appellee. It is clear from the record that appellee was entitled to a judgment on the issue of liability: he set out sworn facts showing fulfillment of the policy's conditions precedent to recovery, and appellant submitted no evidence to counter that showing. See *Southern Trust Ins. Co. v. Braner*, 169 Ga. App. 567 (1) (314 SE2d 241) (1984). However, the record does not contain sworn proof of the dollar amount of the recovery to which appellee is entitled, so the grant of specific damages was error notwithstanding appellant's failure to respond to the mo-

tion for summary judgment. "On motion for summary judgment the burden of proof is on the moving party and does not shift to the respondent until a prima facie right to such judgment is shown. [Cits.]" *International Systems v. City of Jackson*, 161 Ga. App. 423 (2) (288 SE2d 344) (1982).

3. We also find the grant of bad faith penalties pursuant to OCGA § 33-4-6 to be error. " '(T)he existence, or not, of bad faith is a jury question.' [Cit.] The issue of bad faith should be judged by the case made at trial, not by the preliminary proofs or other *ex parte* affidavits. [Cit.]" *Stegall v. Guardian Life Ins. Co.*, 171 Ga. App. 576 (2) (320 SE2d 575) (1984).

4. In view of the reversal of part of the judgment in this case, appellee's motion for damages for a frivolous appeal is denied.

In summary, the judgment of the trial court is affirmed insofar as it rejects appellant's contractual period of limitation defense and establishes appellee's right to recover damages pursuant to the policy involved. Insofar as it decides liability for statutory bad faith penalties and awards a specific dollar amount of damages, it is reversed.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Carley, Sognier, Pope, and Beasley, JJ., concur.*

DECIDED NOVEMBER 19, 1987 —
REHEARING DENIED DECEMBER 2, 1987 —

*Sam F. Lowe, Jr., W. Howard Fowler*, for appellant.
*John H. Jacobs*, for appellee.