77190. McGIVERN v. FIRST CAPITAL INCOME PROPERTIES, LTD.
(373 SE2d 817)

BANKE, Presiding Judge.

The appellee sued the appellant and others to recover an indebtedness allegedly due under a lease agreement. The appellant's liability was predicated on a personal guaranty which he had signed guaranteeing the lessee's obligations during the first two years of the lease. The appellee moved for summary judgment based on an affidavit executed by its "Director of Lease Administration" setting forth the unpaid charges which had accrued under the lease. According to this affidavit, the portion of the lease indebtedness covered by the appellant's guaranty was $9,721.50. The appellant did not oppose the motion for summary judgment; and the trial judge accordingly entered judgment against him for that amount, plus attorney fees. On appeal, however, the appellant contends that this figure included certain charges which had not accrued until after the expiration of the guaranty.

The lease term commenced at 12:01 a.m. on May 1, 1983, and ended on April 30, 1988. As previously indicated, the guaranty was effective by its terms only for the first two years of the lease. The appellee's Director of Lease Administration averred in her affidavit that this meant the guaranty expired on May 1, 1985. The appellant takes issue with this conclusion, contending that a two-year guaranty commencing on May 1, 1983, would expire by its terms on April 30, 1985, in the absence of contractual language evidencing a contrary intention. He contends that the judgment against him was therefore erroneous in that it included a $2,409.83 rental payment which did not

become due until May 1, 1985, as well as $524.22 in late charges which did not accrue until after May 1, 1985. *Held*:

1. We reject the appellee's contention that the appellant forfeited his right to contest the amount of the award by failing to oppose the motion for summary judgment in the trial court. There is no such thing as a "default summary judgment." By failing to respond to a motion for summary judgment, a party merely waives his right to present evidence in opposition to the motion. It does not automatically follow that the motion should be granted. "A motion for summary judgment should not be granted unless it affirmatively appears from the pleadings and evidence that the party so moving is entitled to prevail." *Finch v. City of Atlanta*, 232 Ga. 415, 416 (207 SE2d 46) (1974). See generally OCGA § 9-11-56 (c); *Sanders v. Colwell*, 248 Ga. 376 (2) (283 SE2d 461) (1981). Thus, "[if] the record does not contain sworn proof of the dollar amount of the recovery to which appellee is entitled, . . . [a] grant of specific damages [is] error notwithstanding appellant's failure to respond to the motion for summary judgment." *Blue Ridge Ins. Co. v. Maddox*, 185 Ga. App. 153, 153-154 (363 SE2d 595) (1987).

2. The appellee's director of lease administration averred in his affidavit that the appellant was liable to the appellee "in the amount of . . . $9,721.50, which sum represents rental, real estate construction charges incurred in January, February, March, and April of 1985." It is apparent from this averment as well as from the list of the charges set forth in the affidavit that the appellee did not in fact seek to hold the appellant accountable for the rental charge which became due on May 1, 1985. Accordingly, the issue of whether the guaranty expired on April 30, 1985, or May 1, 1985, would not appear to have any bearing on the case.

3. It is apparent, however, that the judgment entered against the appellant did include certain late charges which did not become due until after the expiration of the guaranty. Included in the $9,721.50 sought by the appellee were late charges totaling $1,310.55 which, according to the affidavit, had "accrued between February 1, 1985 and June 1, 1985." In his brief on appeal, the appellant asserts that the portion of this amount which had accrued subsequent to May 1, 1985, was $524.22. The appellee does not take issue with this assertion, and it may reasonably be concluded from an examination of the affidavit and the lease agreement that the late charges imposed subsequent to the expiration of the guaranty were no less than this. The summary judgment entered against the appellant in this case is accordingly affirmed on condition that the appellee consent to write off from the principal amount of the judgment the sum of $524.22. Otherwise, the judgment is affirmed as to liability but vacated as to the award of damages.

*Judgment affirmed on condition. Birdsong, C. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur but what should be pointed out is the waste of judicial resources and time, and the additional cost and delay resulting to the parties, from appellant's failure to raise below his objection to the amount of the judgment. Opportunities are given. USCR 6.2, 6.3, 6.5. Had they been seized, and had the rules been complied with by defendant, an appeal would probably have been unnecessary. Moreover, the trial court was never faced with the objection now made and ruled on. Compare the mechanism provided in OCGA § 9-11-52 (b). The public policy of the state as spelled out in Ga. Const. 1983, Art. VI, Sec. IX, Par. I, and OCGA § 9-11-1 is not served by the procedure employed by appellant here.

DECIDED SEPTEMBER 22, 1988 —
REHEARING DENIED OCTOBER 6, 1988.

*Ira S. Zuckerman*, for appellant.

*William M. Coolidge III, Glyndon C. Pruitt, J. Patrick O'Brien*, for appellee.