### 32783. BRUNER v. BRUNER.

MARSHALL, Justice.
  The appellant wife and appellee husband were divorced by order of the Chatham Superior Court. The court, sitting without a jury, ordered a division of the parties' property and awarded the wife alimony and child support, from which she appeals.
  The trial court made the following findings of fact: The parties have been married for approximately 25 years and have one dependent child, a son, 16 years of age. The wife, in her individual capacity, owns bonds and/or savings accounts worth approximately $7,000, a 1976 Buick bought by the husband, and 27% of the stock of a closely-held family corporation. The husband is employed by Union Camp Corporation and he has gross annual earnings of approximately $21,000. The parties jointly own eight lakefront lots, encumbered by a deed to secure debt securing a note with an unpaid balance of approximately $5,000. The husband holds legal title to a 5-acre tract of land on which are situated the marital residence and the family business.
  The court awarded the wife three of the eight lakefront lots. The husband was ordered to pay the indebtedness secured by the deed to secure debt on all the lots and the ad valorem taxes on the lots awarded to the wife until he can obtain their release from the deed to secure debt. The wife was awarded one-half of the equity in the marital residence, determined to be $22,800, with the right to continue living there until the minor child reaches majority. The personal property in the home was divided between the parties. The husband was ordered to pay $200 per month child support and various other child-related expenses. The wife was awarded $500 per month permanent alimony and $1,000 in attorney fees.
  The wife's appeal contains four enumerations of error.

1. The first two enumerations of error complain of the trial court's denial of her motion to reopen the case, made approximately two weeks after the case had been closed and taken under advisement. The wife sought to reopen the case to present additional evidence concerning her contributions to the family business. She also alleged that she had not knowingly and intelligently waived her right to a jury trial and, in fact, desired a jury trial.

It is generally not error to refuse a reopening of the case after both parties have closed, and the trial court's decision to deny a party permission to reopen will not be reversed absent a manifest abuse of discretion. See, e.g., *Maloy v. Dixon,* 127 Ga. App. 151 (193 SE2d 19) (1972). We are presented with no facts from which we can hold that the trial court manifestly abused its discretion in denying the wife's motion in this case. Enumerations of error 1 and 2 are without merit.

2. The wife's third enumeration of error contends that the trial court erred in denying her prayers for complete and absolute possession of the marital home; the fourth enumeration contends that the alimony award and property division ordered by the trial court are substantially disproportionate to the wife's needs and the husband's ability to pay.

The transcript of the evidence received at trial has not been made a part of the record on appeal. We must, therefore, assume that the evidence supports the award. See *Shoemake v. Chappell,* 238 Ga. 621 (234 SE2d 531) (1977); *Wagner v. Wagner,* 238 Ga. 404 (233 SE2d 379) (1977). There is no basis in the record before us from which to conclude that, as a matter of law, the wife was entitled to complete and absolute possession of the marital home or that the alimony award is disproportionate to the wife's needs and the husband's ability to pay. The final enumerations of error are without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 23, 1977 — DECIDED NOVEMBER 8, 1977.

*John J. Sullivan, Robert P. Phillips, III,* for appellant.

*Pierce, Ranitz, Mahoney & Forbes, John Ranitz, Jr.,* for appellee.