75611. ROBERTS v. THE STATE.
(368 SE2d 522)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of armed robbery. *Held*:

1. Defendant's first two enumerations allege evidentiary errors which do not appear in the transcript of the trial and apparently are purported to have occurred at defendant's commitment hearing. However, the factual assertions, upon which these enumerations rest, appear only in defendant's brief and enumerations of error and do not appear in the record sent up by the Clerk of the trial court. This court cannot consider factual representations which do not appear in the record. *Pittman v. State*, 179 Ga. App. 760, 762 (4) (348 SE2d 107).

2. In his third enumeration defendant contends that an offensive weapon was not used to take the victim's property as required under OCGA § 16-8-41. However, two employees of a restaurant testified that defendant pointed a gun at them while he removed the contents of the cash register. This evidence was sufficient to enable a rational trier of fact to find defendant guilty of armed robbery beyond a reasonable doubt. *Durham v. State*, 179 Ga. App. 636, 638 (5) (347 SE2d 293); *Cook v. State*, 179 Ga. App. 610, 611 (1, 2) (347 SE2d 664); *Robinson v. State*, 180 Ga. App. 248, 249 (1) (348 SE2d 761). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Defendant enumerates as error the trial court's failure to charge on the lesser offense of robbery. "The record reflects that after the jury retired for deliberations, the court asked [defendant's] attorney if he had any exceptions to the charge. He responded that he did not. Applying the Georgia Supreme Court's holding in *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980), we conclude that the [defendant's] right to raise this issue on appeal was thereby waived." *Harper v. State*, 180 Ga. App. 20, 21 (2) (348 SE2d 318).

4. Finally, defendant contends for the first time on appeal, that his arrest was illegal due to defects in the arrest warrant. This court will not consider questions raised for the first time on appeal. *Laidler v. State*, 180 Ga. App. 213, 214 (1) (348 SE2d 739). Additionally, "where, as here, the defendant has been indicted and convicted, an illegal arrest is not in and of itself a ground of reversal." *Anderson v. State*, 152 Ga. App. 268 (1) (262 SE2d 560).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

Decided March 4, 1988 —
Rehearing denied April 13, 1988 —

Tyree Roberts, *pro se.*
*Hobart M. Hind, District Attorney*, for appellee.