## A01A0884. GOODMAN v. THE STATE.
(553 SE2d 179)

MILLER, Judge.

Gene Nelson Goodman was convicted of three counts of selling cocaine. Acting pro se, he appeals, asserting several enumerations of error. As these enumerations are without merit, we affirm.

1. In his first enumeration, Goodman argues that the trial judge

---

[15] Id.

[16] Id.

[17] See, e.g., *McBride v. State*, 202 Ga. App. 556, 557 (415 SE2d 13) (1992).

departed from his judicial role by allowing "a jury to convene under the direction of [the State]," and by allowing him to be tried and sentenced even though he was not present during the proceedings. On Monday, August 28, 2000, the day scheduled for trial, Goodman appeared pro se and announced that he was not ready. The court discussed various issues with Goodman and informed him that trial would begin, even in his absence, three days later on Thursday, August 31, to which Goodman responded, "I'm going to be present, Your Honor." Without excuse Goodman did not appear, and the court conducted the trial in his absence.

Although the accused has a right to be present at every stage of the proceedings, this right is waived when he is free on bail and voluntarily absents himself from the trial,[1] as Goodman did in this case. And "[v]oluntary absence of the accused waives his right to be present when sentence is imposed."[2]

2. Goodman argues that he was denied the right to have witnesses present and to confront the State's witnesses. By not appearing for trial, Goodman waived any right to confrontation or to present his own witnesses.[3]

3. Goodman contends that there was a "racketeering enterprise" between the State, the clerk of court, and the trial judge. He argues that the clerk charged him for subpoenas and that the trial judge failed to rule on his motions.

(a) Goodman complained that he was being charged $1 for subpoenas by the clerk. The trial court told Goodman that he could receive the subpoenas free of charge and requested the clerk to comply with this accommodation. The day of trial, the court questioned the deputy clerk who Goodman claimed denied him free subpoenas. The clerk testified that Goodman had not requested a subpoena from her and that if he had, she would have provided it free of charge. Goodman's argument is without merit.

(b) Goodman cannot complain of the failure of the court to rule on his various motions when he did not raise these issues prior to trial and did not appear at trial.

4. Goodman complains that the trial court refused to order the sheriff to return $80 he claims was taken from his prison account. Even assuming that such request was within the trial court's authority, there is no appealable ruling on this issue.[4]

5. Goodman enumerates that the trial judge should be impeached for his conduct but presents no reasoned argument in

---

[1] *Estep v. State*, 238 Ga. App. 170, 172 (1) (518 SE2d 176) (1999).

[2] (Citations and punctuation omitted.) Id.

[3] Id.

[4] See *Dowis v. State*, 232 Ga. App. 111, 114 (2) (e) (501 SE2d 275) (1998).

support of his claim. Therefore, this enumeration is deemed abandoned.[5] Nor would this be a proper enumeration of error.

6. In three enumerations Goodman argues that his arrest was illegal in that the warrant listed the date of the crime as May 20, 1998, while the warrant application listed the date as June 24, 1998. Pretermitting whether such renders the arrest illegal, an indictment supersedes an arrest warrant.[6] Thus, where the defendant has been indicted and convicted, an illegal arrest based on a defective warrant is not alone a ground for reversal.[7]

7. We will not address Goodman's third, eighth, or eleventh enumerations as they are repetitive of argument presented in other enumerations.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JULY 31, 2001 —
RECONSIDERATION DENIED AUGUST 24, 2001 — 

Gene N. Goodman, *pro se.*

*Richard E. Currie, District Attorney, Paul M. Kemp, Assistant District Attorney*, for appellee.

---

[5] See Court of Appeals Rule 27 (c) (2); *Green v. State*, 208 Ga. App. 1, 2-3 (2) (429 SE2d 694) (1993).

[6] See *Brown v. State*, 214 Ga. App. 676, 679 (3) (448 SE2d 723) (1994).

[7] *Roberts v. State*, 186 Ga. App. 824, 825 (4) (368 SE2d 522) (1988).