## A03A1559. HUNTER v. THE STATE.
(589 SE2d 306)

MILLER, Judge.

A jury found Charles Hunter guilty of two counts of aggravated child molestation and one count of statutory rape. Following the denial of his motion for new trial, Hunter appeals, arguing that (1) he did not receive a fair trial because he was convicted in absentia, (2) the trial court erred in allowing him to be convicted of aggravated child molestation in light of alleged conflicts between the aggravated sodomy and aggravated child molestation statutes, (3) his 25-year sentence without parole constitutes cruel and unusual punishment, and (4) he received ineffective assistance of counsel. We discern no error and affirm.

Hunter was charged with one count of statutory rape for having sexual intercourse with the twelve-year-old daughter of his live-in girlfriend, and two counts of aggravated child molestation for performing acts of sodomy on the victim. The evidence showed that on two occasions while Hunter was asleep, the twelve-year-old removed Hunter's clothing and sat on top of him. On the third occasion, Hunter had sexual intercourse with the 12-year-old, and had sex with her at least once a week thereafter for several months. Hunter and the victim also engaged in oral sodomy.

1. Hunter argues that he was denied the right to a fair trial because he was convicted in absentia. During a recess in the proceedings, Hunter informed his trial counsel that he was going to smoke a cigarette. While Hunter and his mother were in the courthouse lobby, he told his mother that he had an hour-long break. He then asked her to take him home and bring him back to court. While en route, Hunter purchased razor blades and cut his wrists.

At the motion for new trial hearing, Hunter explained his absence from trial, stating that he "couldn't deal with what [the victim] was saying about [him]," that he "didn't want to deal with anything anymore," and that he wanted to commit suicide. He further testified that he had sought treatment for depression, and that he

first attempted suicide when the victim made the allegations of sexual misconduct against him.

On appeal Hunter argues that he "was not in a mental state that was conducive to rational thought processes, and therefore could not and did not make a knowing, intelligent, and voluntary waiver of his right to be present at his own trial." Generally, "[a]lthough the accused has a right to be present at every stage of the proceedings, this right is waived when he is free on bail and voluntarily absents himself from the trial." (Footnote omitted.) *Goodman v. State*, 251 Ga. App. 350, 351 (1) (553 SE2d 179) (2001). Here the evidence supported a finding that Hunter acted voluntarily. Only when confronted with the evidence against him, did Hunter choose to attempt suicide. Although he suffered from depression, Hunter himself testified that he could not come to terms with the victim's allegations and simply no longer wanted to be present at trial. Hunter chose to tell his mother that he had a one-hour break and requested that she drive him home. Based on this evidence, we cannot say that the trial court erred in finding that Hunter was voluntarily absent from trial. Cf. *Nelms v. State*, 255 Ga. 473, 474 (1) (340 SE2d 1) (1986). As Hunter was "present at the beginning of the trial, but [was] thereafter voluntarily absent[ ] . . . from the proceeding, he waive[d] his right to be present at the remainder of the trial." (Citation omitted.) *Stell v. State*, 210 Ga. App. 662, 663 (4) (436 SE2d 806) (1993); see *Estep v. State*, 238 Ga. App. 170, 172 (1) (518 SE2d 176) (1999).

2. Hunter argues that the trial court erred in allowing convictions for aggravated child molestation because (1) he should only have been punished for the less severe crime of simple sodomy, (2) the aggravated sodomy statute conflicts with the aggravated child molestation statute, and (3) his equal protection rights were violated because "the same act of consensual sodomy [is] punished differently under different statutes depending upon the age of the victim."

Under OCGA § 16-1-7 (a), "[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime." See *Leslie v. State*, 211 Ga. App. 871, 872 (440 SE2d 757) (1994). Therefore, as Hunter's conduct satisfied the elements of aggravated child molestation, the argument that he should have been sentenced for the lesser crime of simple sodomy is unavailing. The State is not required to prosecute only a lesser offense committed. It may prosecute the defendant under any or all statutes that fit the defendant's conduct. Hunter's arguments that the aggravated sodomy statute conflicts with the aggravated child molestation statute, and that his equal protection rights were violated as a result, are equally without merit. The aggravated sodomy statute is irrelevant here as Hunter was not charged with that crime. Hunter was charged with aggravated child molestation

and his actions satisfied the elements of that offense. See OCGA § 16-6-4 (c).

3. Hunter received a 25-year sentence to serve for two counts of aggravated child molestation and one count of statutory rape. He contends that his sentence constitutes cruel and unusual punishment. He argues primarily that the punishment is excessive because he had no prior criminal record and the victim aggressively pursued the sexual encounters.

> The Eighth Amendment protects against cruel and unusual punishment, a concept which prohibits, among other things, arbitrary and disproportionate sentences. Unless a sentence is so overly severe or excessive in proportion to the offense as to shock the conscience, a legislatively authorized punishment does not ordinarily exceed the constitutional bound. It could, if the court abused its discretion in imposing a sentence which is excessive and disproportionate in a specific case.

(Footnote omitted.) *Small v. State*, 243 Ga. App. 678, 680 (3) (534 SE2d 139) (2000); *Palmore v. State*, 236 Ga. App. 285 (511 SE2d 624) (1999). Here, Hunter's sentence was within the statutory limits of OCGA § 16-6-4 (d) (1) and was not so disproportionate to shock the conscience. In sentencing Hunter, the trial court explained that in addition to the victim being "placed in [Hunter's] trust," Hunter knew the age of the victim and engaged in the sexual misconduct for an extended period of time. Hunter could have been sentenced to a maximum of 30 years on *each* count of aggravated child molestation rather than the 25 total years he received. See id. "We will not review for legal error a sentence that is within the statutory limit." (Citation and punctuation omitted.) *Williams v. State*, 261 Ga. App. 410, 414 (4) (582 SE2d 556) (2003).

4. Finally, Hunter argues that his trial counsel was ineffective for failing to challenge the aggravated child molestation charge on the grounds enumerated in Division 2. As explained in Division 2, however, Hunter's challenges to the aggravated child molestation charges would have been without merit. "Trial counsel's failure to pursue a futile motion does not constitute ineffective assistance." (Citation and punctuation omitted.) *Zinnamon v. State*, 261 Ga. App. 170, 174 (2) (c) (582 SE2d 146) (2003); see *Rose v. State*, 263 Ga. App. 263, 264-265 (1) (b) (587 SE2d 326) (2003).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED OCTOBER 23, 2003.

*Charles H. Frier,* for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney,* for appellee.