## A03A1076. EDWARDS et al. v. HEARTWOOD 11, INC. et al.

(590 SE2d 734)

MILLER, Judge.

Edgar Edwards, GMAC Mortgage Corporation (GMAC), and United General Title Insurance Company appeal from the trial court's grant of summary judgment to Heartwood 11, Inc. and others (and the denial of summary judgment to appellants) on appellants' claim to set aside a tax sale of property owned by Ralph Kirk. Since the undisputed facts of record indicate that appellants did not have standing to challenge the tax sale, we affirm the denial of summary judgment to appellants and the grant of summary judgment to appellees.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553-554 (562 SE2d 731) (2002).

So viewed, the record reveals that in March 1995, Kirk owned certain property in Gwinnett County subject to a deed to secure debt in favor of Wells Fargo Credit Corporation (Wells Fargo). On March 3 of that year, Kirk filed for Chapter 13 bankruptcy in the U. S. Bankruptcy Court for the Northern District of Georgia. Unaware of the bankruptcy filing and automatic stay resulting therefrom, on March 7, 1995, Wells Fargo foreclosed Kirk's deed and recorded a deed that vested title in the property to Wells Fargo. Based on this recorded deed and other information given to the tax commissioner's office, the Gwinnett County tax commissioner's office noted that Wells Fargo was the owner of the property.

When Wells Fargo discovered Kirk's bankruptcy in April 1995, its foreclosing attorney immediately filed an affidavit that was recorded on the deed records of Gwinnett County, and the affidavit indicated that (1) Wells Fargo did not have notice of the pending bankruptcy at the time it initiated the foreclosure proceedings and (2) Wells Fargo claimed to revest title in the property to Kirk through the filing of the affidavit in light of the pending bankruptcy. However, the tax commissioner's office was unaware of this affidavit and was therefore still under the impression that Wells Fargo was the property owner following the foreclosure sale.

Despite the pending bankruptcy, attempted foreclosure sale, and the fact that the property at issue was listed as an asset in the bankruptcy proceedings, on March 31, 1995, Kirk purported to sell the property to Edwards (without obtaining approval for such sale from the bankruptcy court). Edwards did not record the warranty deed

from this purported sale until January 2000 after Kirk's bankruptcy was closed. Also in January 2000, GMAC paid off Kirk's mortgage to Wells Fargo and obtained a deed to secure debt from Edwards for the property.

When the 1996 and 1997 Gwinnett County ad valorem property taxes for the property went unpaid, Gwinnett County issued notices of delinquency and notices of its intent to issue writs of fi. fa. to Wells Fargo (based on the information indicating that Wells Fargo was the property owner). The taxes remained unpaid, and Gwinnett County issued writs of tax fi. fa. to Wells Fargo. The Gwinnett County sheriff transferred the writs to Heartwood 88, Inc. (a separate entity from Heartwood 11) pursuant to Heartwood 88's purchase of the writs.

Heartwood 88, acting through Vesta Holdings One, LLC, requested that the Gwinnett County sheriff conduct a tax sale of the property. A title examination conducted prior to the tax sale revealed that Edwards may have been the owner of the property (pursuant to the March 1995 deed that he recorded in January 2000), and notices were sent to Wells Fargo, GMAC, and Edwards, informing them of the upcoming levy and tax sale. The tax sale took place on June 6, 2000, and Heartwood 11 purchased the property as the high bidder at the sale.

Edwards and GMAC paid Heartwood the redemption price for the property and then sued Heartwood, the Gwinnett County tax commissioner, and the Gwinnett County sheriff to set aside the tax sale. The parties stipulated to resolve the case through cross-motions for summary judgment. The trial court heard the motions and ruled in favor of Heartwood and the other defendants and against the petitioners, prompting this appeal.[1]

Appellants raise several arguments challenging the technical merits of the fi. fas. (such as the fact that the fi. fas. were sent to Wells Fargo instead of Kirk and that the fi. fas. did not contain certain language) in their attempts to justify setting aside the tax sale to Heartwood. We need not reach the merits of these arguments, since the dispositive factor on appeal is that Edwards never had standing to challenge the tax sale in the first place. Kirk was not authorized to sell the property to Edwards during Kirk's pending bankruptcy in 1995 without first obtaining permission to do so from the bankruptcy court. Since Kirk did not obtain such permission prior to the sale, the sale itself was void ab initio as it was conducted in violation of the automatic stay. See *McKeen v. Fed. Deposit Ins. Corp.*, 274 Ga. 46, 48 (549 SE2d 104) (2001). Thus, Edwards could not

---

[1] Appellants originally attempted to present this case to the Supreme Court of Georgia pursuant to that Court's "title to land" or equity jurisdiction, but the Supreme Court transferred the case to the Court of Appeals, claiming that such jurisdiction was not implicated.

have legitimately owned the property when it was the subject of the tax sale, GMAC could not obtain a valid deed to secure debt from Edwards with respect to the property, and appellants did not have standing to challenge the sale. Even if we assume, as appellants argue, that the tax commissioner should have sent the notice of the writs of fi. fa. to Kirk instead of Wells Fargo, appellants still would have no standing to challenge the tax sale, because they could not assert a claim of defective notice to Kirk, a third party, as a basis for supporting their own claim. *GE Capital Mtg. Svcs. v. Clack*, 271 Ga. 82, 83 (1) (a) (515 SE2d 619) (1999). The trial court did not err in denying summary judgment to appellants and granting summary judgment to appellees.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED NOVEMBER 14, 2003 —
RECONSIDERATION DENIED NOVEMBER 26, 2003 —

*Lefkoff, Duncan, Grimes & Miller, John R. Grimes,* for appellants.

*Webb, Tanner & Powell, Robert J. Wilson, Michael V. Stephens II,* for appellees.