A04A1907. UEAL v. AAA PARTNERS IN ADOPTION, INC.
(603 SE2d 672)

BLACKBURN, Presiding Judge.

Following the voluntary surrender of her parental rights so that her child could be adopted, Leigh Ann Ueal acting pro se appeals a final order that recognized that her parental rights to her child were terminated by operation of law and that also terminated the putative father's parental rights to the child. She claims that venue was improper, that the father was not given proper notice of the proceedings, and that the court erred in recognizing that her parental rights

---

[7] See *State v. Freeman*, 198 Ga. App. 553, 556-557 (3) (402 SE2d 529) (1991).
[8] See id.

were terminated. Because Ueal failed to raise these arguments below or to include a trial transcript in the appellate record, we affirm.

Construed in favor of the judgment, the record shows that on July 18, 2003, Ueal gave birth to a baby boy. Two days later, she signed documents surrendering her parental rights to AAA Partners in Adoption, Inc. so that the child could be placed for adoption. She waived all rights to receive notice of any proceedings associated with the adoption. She did not revoke the surrender within the ten days allowed by law.[1]

On August 20, AAA petitioned the Superior Court of Forsyth County to terminate the putative father's rights and to recognize Ueal's rights as terminated by operation of law. AAA alleged that the child was soon to be adopted.

On September 8, Ueal sent AAA a letter purporting to revoke the surrender. She repeated this attempted revocation on October 15, claiming the surrender documents were invalidated by misrepresentations, improper counseling, and lack of legal counsel. Following a trial on AAA's petition for parental rights termination, the court on November 3 terminated the parental rights of the putative father on grounds of abandonment and recognized that Ueal's parental rights were terminated by operation of law.

Ueal appealed this order in a prior appeal (Case No. A04A1046). She then filed motions in this Court to supplement the appellate record, which motions presented issues regarding whether documents had been omitted and whether the missing documents were considered by the trial court below. We remanded the case to the trial court with the direction to examine and supplement the record in accordance with OCGA § 5-6-41, and we granted Ueal the opportunity to reinitiate her appeal upon resolution of the matter. Upon receipt of the order, the trial court notified Ueal and AAA of a hearing to be held on March 25, 2004, to determine whether any relevant documents were omitted from the record and whether the record should be supplemented.

Ueal failed to appear at the March 25 hearing. Based on AAA's evidence, the court on April 2 found that the record was complete and did not need to be supplemented. Ueal reinitiated her appeal of the November 3 order terminating parental rights and further challenged the April 2 order on the completeness of the record. Regarding the November 3 order, she claims that venue was improper in Forsyth County, that the putative father received no notice of those proceedings, and that the court erred in recognizing her parental rights as

---

[1] See OCGA § 19-8-9 (b).

terminated by the surrender documents. Regarding the April 2 order, she argues that the court erred in considering only the evidence offered by AAA.

1. Regarding the November 3 judgment terminating parental rights, Ueal first claims that venue in Forsyth County was improper. We rule against Ueal for two reasons.

First, because nothing indicates venue was challenged below, the matter is waived on appeal. *Ocilla Southern R. Co. v. Fletcher.*[2] Second, even if venue had been challenged below, we have no reason to believe that proper venue was not shown. Under OCGA § 19-8-12 (d) (1), proper venue would be in "the superior court of the county where the child resides." But Ueal has failed to include in the record the transcript of the November 3 trial on the petition to terminate.

> A litigant, including a pro se litigant, has the burden to compile a complete record of what happened at the trial level which, at a minimum, includes a transcript of that portion of the proceedings in which the error is alleged to have occurred or alternatively, a stipulation of the case approved by the judge who conducted the proceeding.

*Alexander v. Mosley.*[3] Where neither the trial transcript nor an approved stipulation is included in the record on appeal, "[w]e must . . . assume that the evidence supports the award." *Bruner v. Bruner.*[4] Accordingly, we assume that the evidence showed proper venue.

2. Ueal contends that the putative father did not receive notice of the November 3 trial. This alleged error lacks merit for three reasons.

First, Ueal lacks standing to assert that the father failed to receive proper notice. As he would be the only person harmed by the lack of notice to him, only he may raise the issue. See *Clark v. Superior Ins. Co.*[5] See also *Edwards v. Heartwood 11, Inc.*[6] (appellants have no standing to challenge tax sale on grounds that a third party failed to receive proper notice); *Phillips v. Phillips*[7] (appellant has no standing to voice a vicarious objection to the sufficiency of notice upon another party). Second, because nothing indicates this issue was raised below, the matter appears waived on appeal. See *In the Interest of B. A. S.*[8]

---

[2] *Ocilla Southern R. Co. v. Fletcher*, 16 Ga. App. 522 (1) (85 SE 673) (1915).

[3] *Alexander v. Mosley*, 271 Ga. 2-3 (1) (515 SE2d 145) (1999).

[4] *Bruner v. Bruner*, 240 Ga. 159, 160 (2) (240 SE2d 48) (1977).

[5] *Clark v. Superior Ins. Co.*, 209 Ga. App. 290, 292 (2) (433 SE2d 394) (1993).

[6] *Edwards v. Heartwood 11, Inc.*, 264 Ga. App. 354, 356 (590 SE2d 734) (2003).

[7] *Phillips v. Phillips*, 159 Ga. App. 676, 677 (2) (285 SE2d 52) (1981).

[8] *In the Interest of B. A. S.*, 254 Ga. App. 430, 434 (2) (563 SE2d 141) (2002).

Third, the trial court specifically found that the father received proper notice. Without a trial transcript, we must assume that evidence supported the trial court's finding. See *Bruner*, supra at 160 (2).

3. Ueal argues that since she revoked her surrender in September in written notice to AAA, the court erred in recognizing her rights were terminated by operation of law. It is undisputed that she did not revoke her surrender within the ten days provided under OCGA § 19-8-9 (b). Unless the surrender is invalidated by duress, fraud, or incapacity, a mother may not revoke her surrender after ten days. *In the Interest of B. G. D.*[9]

Ueal claims that her surrender was invalidated on grounds of duress and fraud. However, without the transcript of the November 3 trial, we must assume that the evidence supported the trial court's factual finding that Ueal showed no cause for invalidating the surrender. See *Bruner*, supra at 160 (2).

4. Ueal attacks the court's April 2 order (in which the court concluded that the record was complete) on the ground that the court considered only that evidence submitted by AAA. Despite proper notice, Ueal failed to appear at the March 25 evidentiary hearing on the matter and thereby waived her right to present countervailing evidence. See *Goodman v. State*.[10] This left the court with no alternative but to consider only that evidence presented by AAA. Moreover, inasmuch as Ueal did not include a transcript of this hearing in the appellate record, we must assume that evidence supported the trial court's findings. See *Bruner*, supra at 160 (2).

This decision moots AAA's motions to dismiss the appeal and to strike certain portions of the record.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED AUGUST 6, 2004 —
RECONSIDERATION DENIED AUGUST 26, 2004 —

Leigh A. Ueal, *pro se.*
*Josie Redwine, Andrea R. Henson,* for appellee.

---

[9] *In the Interest of B. G. D.*, 224 Ga. App. 124, 128 (2) (479 SE2d 439) (1996).
[10] *Goodman v. State*, 251 Ga. App. 350, 351 (2) (553 SE2d 179) (2001).