A06A0214. FARLEY v. HAWKINS et al.
(627 SE2d 913)

ADAMS, Judge.

Joshua Kyle Farley, Sr., the biological father of I. C. C. and J. K. F., appeals an order terminating his parental rights that arose out of a petition to adopt the children. In his sole enumeration of error, he essentially contends the evidence was insufficient to show that termination was in the best interests of the children.

On appeal from a termination order, this Court views the evidence in the light most favorable to the appellee and determines whether any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost. *In the Interest of S. H.*, 251 Ga. App. 555 (1) (553 SE2d 849) (2001). "We do not weigh the evidence and must defer to the trial judge as the factfinder." (Citation and punctuation omitted.) *In the Interest of C. F.*, 251 Ga. App. 708 (555 SE2d 81) (2001).

William L. Hawkins, Jr. and Misty Hawkins petitioned to adopt the children and to terminate Farley's parental rights pursuant to OCGA § 19-8-10 (a), on the ground that he had failed to support or stay in meaningful contact with the children for more than one year

---

[8] See *State v. Graham*, 246 Ga. 341 (271 SE2d 627) (1980); *Conley v. State*, 157 Ga. App. 166, 166-167 (1) (276 SE2d 677) (1981).

preceding the petition to adopt. They had previously been given custody of the children by the mother and by court order.

Following a hearing on the petition, the trial court found in a written order that clear and convincing evidence had been presented to show that Farley was under court order to pay child support for the children but that he failed to pay for more than one year prior to the petition to adopt. Farley had also not visited with the children nor had any meaningful, supportive, parental contact with them for the same time period. Farley does not contest these findings. The trial court also found that there was clear and convincing evidence that the children's best interests will be met by the termination.

Farley has not included a transcript of the proceedings below in the record, and he did not indicate in his notice of appeal that one would be included. Because he did not include a transcript of the hearing in the appellate record, we must assume that evidence supported the trial court's findings. *Hensley v. Young*, 273 Ga. App. 687 (615 SE2d 771) (2005); *Ueal v. AAA Partners in Adoption, Inc.*, 269 Ga. App. 258, 260 (1) (603 SE2d 672) (2004); *In the Interest of C. C. B.*, 188 Ga. App. 46 (3) (372 SE2d 6) (1988). Therefore, we find no error.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 3, 2006.

*Smith & Cannon, Chester L. Cannon, Jr.*, for appellant.
*Alice W. Padgett*, for appellees.