# Court of Appeals
# of the State of Georgia

ATLANTA,   November 08, 2016   

*The Court of Appeals hereby passes the following order:*

**A17A0489.  CHARLES HUNTER v. THE STATE.**

In 2002, a jury found Charles Hunter guilty of two counts of aggravated child molestation and one count of statutory rape.  The trial court imposed concurrent sentences of 25 years' imprisonment for the aggravated child molestation convictions and 20 years' imprisonment for the statutory rape conviction.  We affirmed Hunter's convictions and sentences on direct appeal.  *Hunter v. State*, 263 Ga. App. 747 (589 SE2d 306) (2003).

In May 2016, Hunter filed a motion to correct an illegal and/or void sentence, which the trial court denied in an order entered on July 26, 2016.  Hunter filed a notice of appeal on September 21, 2016.  We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days of entry of the order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Because Hunter filed his notice of appeal 57 days after entry of the trial court's order, his appeal is untimely.

Second, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and

validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Hunter argues in his motion to correct an illegal and/or void sentence that: (i) the trial court failed to exercise its discretion when imposing his sentences; (ii) he was not properly informed of the applicable sentencing provisions; (iii) statutory provisions enacted after his sentencing have eliminated mandatory minimum sentences in effect when he was sentenced; and (iv) the trial court was required to impose a split sentence for his statutory rape conviction under OCGA § 17-10-6.2. In the first three of these contentions, Hunter does not claim that his sentences fell outside the statutory range of punishments. As to his fourth contention, although a sentence that does not comply with § 17-10-6.2 is void, *New v. State*, 327 Ga. App. 87, 106-109 (5) (755 SE2d 568) (2014), that statute had not yet been enacted when Hunter was convicted and sentenced in 2002 and thus does not apply here. See Ga. L. 2006, p. 379, § 21; *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982) (this Court applies the sentencing law in effect at the time the crime was committed).

Because Hunter has not raised a valid void-sentence claim, we lack jurisdiction to consider his appeal. See *Harper*, 286 Ga. at 218 (2). To the extent that Hunter's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," id. at 218 (1), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* _____11/08/2016_____
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ , *Clerk.*